[No. 1369, January 28, 1911.].

In the Matter of the Petition of D. H. PICKERING and
MRS. D. H. PICKERING, Relators, v. THE JUS-
TICE OF THE PEACE in and for Precinct No. 2
of San Juan County, New Mexico, and L. CUR-
RENT, Justice therein.

### SYLLABUS.

1.   Under C. L. 1897, sec. 3244, requiring that service of
writ be made five days before the return day, the day of ser-
vice or the return day being excluded in making up the five
days, service at any hour of November 19 was sufficient for
any hour of November 24 as return day.

2.   In absence of statutory provisions, judicial acts,
including judgments on holidays, are valid.

3.   Defendants had adequate remedy through appeal, or
writ of certiorari and if they were misled to their injury by
respondent, they may have had a good cause of action
against him for damages.

4.   Prohibition is an extraordinary judicial prerogative
writ "to be used with great caution and forbearance for the
furtherance of justice, and for securing order and regularity
in all the tribunals where there is no other regular and
ordinary remedy."

Petition for Writ of Prohibition.   Denied.

EDWARDS and MARTIN for Petitioners.

Respondent not present or represented.

PER CURIAM—This cause is here on an alternative
writ of prohibition issued by one of the Justices of this

court on a petition filed with the Clerk, December 30, 1910, and made returnable on the first day of our present term. The respondent, who is a justice of the peace at Aztec, in San Juan County, a long distance from Santa Fe, and who presumably has no personal interest in the matter, has not appeared or made any return to the writ, and the petitioners have moved for judgment by default. Under the circumstances, we think it unnecessary to proceed by attachment against respondent and that we should determine from the allegations of the petition whether a writ of prohibition absolute should issue.

The allegations are that on November 17th, 1910, a summons was issued by L. Current, a justice of the peace of San Juan County, to the petitioners, directing them to appear before the said justice at Aztec, in said county, at ten o'clock a. m., November 24, 1910, to answer to a plea in assumpsit by one M. B. Scott, as assignee, that service was made on the petitioners at 3:30 p. m. of November 19th, and that judgment was rendered November 24th, between ten and eleven o'clock, less than five full days from the time of service, that the petitioners failed to appear in said cause for the reason that they were misled by the justice of the peace, and that, as judgment was rendered on a legal holiday, it was void.

Under section 3244, C. L. 1897, it was necessary that the service of the writ be made five days before the return day, the day of service or the day of return being excluded in making up the five days, sec. 2900, subd. 7; C. L., 1897.

Service at any hour of November 19th was, therefore, sufficient for any hour of November 24th as a return day. There is a statute in this Territory providing that certain days shall be holidays for commercial purposes, Sec. 2544, C. L. 1897, but none prohibiting judicial proceedings on such days. In the absence of such statutory provisions, judicial acts on holidays, including judgments, are valid. 21 Cyc. 442-5. But, if the petitioners were in any way wronged by the action of the justice of the peace complained of, the ordinary remedies were open to them. They knew of the alleged injurious acts on November 26th, as their affidavit in this cause

shows, and they then had the right to appeal, and, if that had become necessary, to a writ of certiorari, Sec. 3367, C. L. 1897, to preserve their rights, and if they were misled by the respondent to their injury, they may have a good cause of action against him for damages. But the petitioners do not, even by the most liberal construction of their petition, bring this cause within the proper province of a writ of prohibition.

It is an extraordinary judicial prerogative writ, "to be used with great caution and forbearance for the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy." Sherwood v. N. Eng. King Co., 68 Conn. 543; Priddie v. Thompson, 82 Fed. 186. "It will lie only in cases of manifest necessity, and after a fruitless application for relief to the inferior tribunals." 32 Cyc. 602: Ex Parte Williams, 4 Ark. 537. "In general it will not issue where there is another adequate remedy x x x readily available to the applicant, either by appeal or writ of error, or by any other writ, motion or proceeding appropriate to the relief, as a writ of revivor, x x certiorari, x x action for trespass, x x motion to set aside, motion to stay the proceedings." "And, if the inferior court or tribunal has jurisdiction of both the subject matter and of the person, prohibition will not lie to correct errors of law, or fact, for which there is an adequate remedy by appeal or otherwise." 32 Cyc. 614-617. See also High's Extraordinary Legal Remedies, 3rd ed., secs. 770, 771 and 772.

The petition is denied, and a writ of consultation will issue, authorizing the respondent to proceed with the cause in regular course.

Since this opinion was written the respondent has filed with the clerk a statement addressed to the Court, in which he disclaims intentional wrong to the petitioners, explains how misunderstanding as to date occurred, and declares his willingness to follow any course this court may direct in this matter. There is nothing in the statement, however, to affect the conclusion we have already reached.