[No. 1771, November 16, 1915.]

BUSS v. DYE.

SYLLABUS BY THE COURT.

All claims against estates of deceased persons not filed in the probate court, and notice given as provided by law, within one year from the date of the appointment of the executor or administrator, are barred.

Appeal from District Court, Chaves County; McClure, Judge.

Action by George H. Buss against James M. Dye, administrator of the estate of Frank J. Chance. From judgment for plaintiff, defendant appeals. Reversed and remanded.

CLIFTON MATHEWS and JAMES M. DYE of Roswell, for appellant.

Presentation of claim to probate court, within one year after appointment of administrator is not condition precedent to right of claimant to bring suit in District Court.
Sections 1967, 1999 and 2004, C. L. 1897.

G. T. BLACK of Roswell, for appellee.

Presentation of claim is condition precedent.
Sections C. L., supra, and section 2004, 2005, C. L. 1897.

## STATEMENT OF FACTS.

The appellant was appointed administrator of the estate of Frank J. Chance by the probate court of Chaves county on March 20, 1913, and duly qualified according to law. Appellee, the plaintiff below, had a bona fide claim against the estate of the deceased, but failed to present the same for allowance, either to the probate court or to the administrator within one year from the date of appellant's appointment as the administrator of said estate. About 18 months after the date of the appointment of appellant as administrator, appellee presented his claim to the administrator, and subsequently to the judge of the probate court, but the same was disallowed by both the administrator and the court, for the reason that it had not been presented within one year from the date of the appointment of the administrator, whereupon appellee brought his suit in the district court of Chaves county upon the claim referred to, and appellant filed an answer setting up the facts as herein pointed out, which were not controverted by a reply. At the close of plaintiff's testimony, the defendant demurred to the evidence, which was overruled by the court, and a judgment rendered against appellant as such administrator for the full amount of the claim, from which judgment this appeal was prayed.

---

Buss v. Dye, 21 N. M. 146.

---

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—Two assignments of error are presented for our consideration by the brief of the appellant, which present, however, but one question, viz.: May a person holding a claim against the estate of a deceased person bring his suit in the district court after the expiration of one year from the appointment of the administrator, without having first filed his claim in the probate court, and given the notice as required by law within one year from the date of such appointment? Or, as otherwise stated in appellant's brief, is the presentation of the claim to the probate court within one year after the appointment of the administrator, and its disallowance, a condition precedent to the right of the claimant to bring suit thereon in the district court after the expiration of one year from the date of such appointment? The solution of this question necessitates a reference to several statutes which we will refer to in the logical order of their consideration.

The first section is 2004, C. L. 1897, now appearing as section 2337, Code 1915, which provides that an executor or administrator shall, within 10 days after his appointment, give public notice thereof, which notice shall require all persons having claims against the estate of the decedent to present the same "within the time prescribed by law." By section 2277, Code 1915, it is made the duty of the probate judge to hear and determine claims against the estate, and that all such claims shall be stated in detail, sworn to, and filed, and five days' notice of the hearing thereof, accompanied by a copy of the claim shall be served on the executor or administrator, unless the same have been approved by the executor or administrator, in which case they may be allowed by the judge without such notice. See section 1967, C. L. 1897. By section 2062 of the Compiled Laws of 1897, appearing as section 2278, Code of 1915, it was provided that:

"All claims against the estates of deceased persons not filed and notice given, as provided in the preceding section within one year from the date of the appointment of the

executor or administrator, shall be barred.  No suit · upon
any claim shall be maintained unless the same be begun
within eighteen months after the date of such appointment."

It is further provided by section 1999, C. L. 1897, the
same now appearing as section 2279, Code 1915, that:

"All claims filed and not expressly admitted in writing
signed by the executor, shall be considered as denied with-
out any pleading on behalf of the estate.  If a claim filed
against the estate is not so admitted, the court may hear
and allow the same or may reject it.  In the latter case the
claimant may appeal to the district court or bring his ac-
tion therefor against the executor or administrator in the
district court within six months after the rejection of the
claim by the probate court, and not afterward.  But no such
appeal shall be taken or action brought more than eighteen
months after the appointment of the executor or adminis-
trator.  The executor or administrator shall in like manner
have the right to appeal from the allowance of any claim."

It is therefore clearly to be seen that the foregoing stat-
utes provide that all claims against the estates of de-
ceased persons must be stated in detail, sworn to, and
filed, and a notice accompanied by a copy of the claim,
served on the executor or administrator, who shall ap-
prove the same, and in the event that he fail or refuse
to do so, the probate court may hear and allow the same,
or may reject it, and when rejected by the probate court,
the claimant may appeal to the district court, or bring
his action therefor within 6 months after such rejection.
It is not controverted by appellee that the jurisdiction of
the probate court in the matter of the allowance of claims
is dependent upon the presentation of such claims to said
court within the period of one year, as provided by sec-
tion 2278 of the Code of 1915.  The contention of appel-
lee is that the statutes provide two periods of limitation
with reference to claims against decedents' estates, the
first being a period of one year in the probate court, with-
in which time claims may be pasesd upon without suit,
and the second being the period of 18 months, within
which time formal suit upon the claim must be brought in
the district court.  Appellee refers to section 2062 of the
Compiled Laws of 1897 (section 2278, Code of 1915) and

section 1999, C. L. 1897 (section 2279, Code of 1915), in support of this contention. He contends that while the claim was properly rejected in the probate court because it had not been presented within the period of one year prescribed by section 2278, Code of 1915, nevertheless because of the rejection of the claim a right of appeal was conferred upon the claimant by section 2279, Code 1915. We cannot agree with this contention. We think it clearly appears from the provisions of section 2278, Code of 1915, that all claims against estates not filed, and notice given as provided by law, within one year from the date of the appointment of the executor or administrator, shall be barred. The appeal allowed by section 2279, Code 1915, applies only in those cases where the claim is not admitted by the executor or administrator, and is subsequently rejected by the probate court. But this provision is subject to the previous statutory requirement referred to, providing that all claims must be presented within one year from the date of the appointment of the executor or administrator. A period of six months is allowed within which to take an appeal in the matter of rejected claims, and this, coupled with the period of 12 months within which claims must be presented, constituted the period of 18 months formerly provided by section 2005, C. L. 1897, within which final settlement should be made by executors or administrators, unless otherwise ordered by the court. Were the contention of appellee sound, it would necessarily result that the period of 18 months formerly provided for the closing of estates could not in all cases have been controlling, for example where the claim was not presented within the period of one year to the probate court. If the claimant had the right within 6 months after a rejection of the claim, by the probate court, to take an appeal, he might by that action alone extend the time limited for closing estates, for a period longer than 18 months from the date of the appointment of the executor or administrator, which inconsistence and conflict in the statutory provisions clearly indicates, in our opinion, that the Legisla-

ture intended to absolutely bar all claims against estates which were not filed within the period of one year from the date of the appointment of the executor or administrator.

Our conclusion in this respect makes it necessary to sustain the assignments of error, and reverse the judgment of the district court, remanding the case for new trial; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.