[No. 3577.   Aug. 25, 1930.]

GILMORE v. DISTRICT COURT OF FIFTH
JUDICIAL DIST. et al.

[291 Pac. 295.]

Tom W. Neal, of Lovington, and W. A. Gillenwater, of Santa Fe, for relator or petitioner.

T. A. Whelan, of Lovington, and Emmett Patton, of Roswell, for respondents.

OPINION OF THE COURT

CATRON, J.

This is a proceeding for a writ of prohibition brought by Pearl T. Gilmore against the district court of the Fifth judicial district of the state of New Mexico and G. A. Richardson, Judge of said district court, in which an alternative writ of prohibition was heretofore granted.

William T. Gilmore, the owner of certain lands in Lea county, N. M., died intestate in Stephens county, Tex., August 17, 1927. He also owned certain property in Stephens county, Texas. Mrs. Pearl Trowbridge, the

same person as Pearl T. Gilmore, the petitioner herein, administered the estate of said decedent in the county court of Stephens county, Tex., and in her final report represented to the court that John Gilmore, a full-brother of decedent, and J. R. Dennis, Roy E. Dennis, H. E. Dennis, and Lula Dennis Stafford, children of a half-brother, were the only heirs of said decedent, and were entitled to the property of the estate of William T. Gilmore, deceased. On May 8, 1928, upon the report and application of said Pearl Trowbridge, administratrix, said court of Stephens county, Tex., made and entered its final judgment and decree in said case, wherein said John Gilmore and the four Dennis children were adjudged to be the only heirs and entitled to the estate of William T. Gilmore, deceased. The lands in Lea county, N. M., were not included in nor mentioned in the Stephens county, Tex., administration.

Some time in August, 1928, John Gilmore, claiming to be the only brother and surviving heir of decedent, presented to and filed in the probate court of Lea county, N. M., a petition for the appointment of an administrator of the estate of said William T. Gilmore, deceased. Thereupon A. A. McDaniel was appointed as such administrator, and apparently qualified in the manner required by law.

While said administration was pending, S. B. Crabtree purchased from John Gilmore and wife all of the oil and gas and other mineral rights, in said lands owned by decedent at the time of his death, and later all the surface rights in said lands, receiving general warranty deed for each of said purchases.

Crabtree sold and conveyed various oil and gas leases and royalty interests in said land to various parties, among them being the Pueblo Oil Company and the Landreth Production Corporation.

During said administration, Pearl T. Gilmore, the Dennis children, S. B. Crabtree, the Pueblo Oil Company, and the Landreth Production Corporation appeared in said probate court, filed pleadings, and litigated the question of heirship of William T. Gilmore.

Upon the final hearing in said cause the probate court of Lea county, N. M., adjudged the said Pearl T. Gilmore to be the wife and sole heir of the said decedent, and decreed the entire estate to her.

Less than ninety days after said judgment, S. B. Crabtree, Pueblo Oil Company, Landreth Production Corporation, and the four Dennis children joined in a motion for an appeal to the district court, in which they alleged that they are aggrieved by the order, judgment, and the final decree of said court, and pray an order of the court allowing all of them, and each of them, an appeal to the district court of Lea county, N. M. They also filed a joint appeal bond in the sum of $500, wherein each of said appellants is a principal, and the American Employers' Insurance Company, a corporation, is surety; the conditions of said bond being those specified in our statute. They also filed a præcipe for the record. Thereafter the appeal bond was approved by the probate court and a formal order was entered by said court on January 29, 1930, allowing said appeal, wherein it is recited that said motion for appeal is in proper form and duly and regularly filed, and that a proper and sufficient appeal bond, such as is required by law, was filed at the same time, and that the said bond has been approved by the court as to form, sufficiency, and execution. It is further provided in said order that the appeal as prayed for in said motion "be and the same is hereby allowed, and the clerk of this court is directed to forward to the clerk of the District Court of Lea County, New Mexico, all the papers filed in the above entitled cause, except the transcript of the testimony, and copies of all orders made in said cause."

That pursuant to said order said cause was transferred to the district court of the Fifth judicial district, Lea county, N. M., and there docketed January 29, 1930, as cause No. 980 on the civil docket of said court.

On February 28, 1930, the Dennis children jointly, and the Pueblo Oil Company separately, filed motions in the district court of Lea county that their appeals taken in said cause be dismissed. These motions appear to be still pending and undecided, appellants S. B. Crabtree and the

Landreth Production Corporation having filed their objections thereto.

Thereupon the petitioner, Pearl T. Gilmore, moved to dismiss said appeal for want of jurisdiction in said district court, which motion was, by order of the district court, dated March 25, 1930, overruled and said cause ordered to proceed regularly to trial.

Thereupon, on April 8, 1930, said petitioner applied to this court for a writ of prohibition, setting forth therein the same identical grounds as those contained in the motion to dismiss filed in the district court, and one additional ground. Upon the presentation of said petition an alternative writ of prohibition was by this court issued.

Respondent first filed a demurrer, but subsequently filed an answer under a stipulation, approved by this court, to the effect that by so doing rights under the demurrer were not waived. The cause has been here argued fully, both upon the questions raised by the demurrer, and upon the merits presented by the petition and answer.

Relator, in support of her petition in this court, contends that, in matters relating to decedents' estates, probate courts have exclusive original jurisdiction and district courts only appellate jurisdiction; that strict compliance with the appellate procedure provided by law is an absolute prerequisite to acquisition of jurisdiction by the district court. Proceeding upon this premise, relator further contends:

1. That the motion for appeal does not state facts showing that any of the persons joining in same are in any way interested in the decree appealed from, aggrieved thereby, or that they have the right of appeal.

2. That the motion for appeal is a joint motion by several parties to appeal the cause jointly, whereas it can only be made separately by each appellant.

3. That the appeal bond limits the liability thereunder to $500, whereas its condition should be to prosecute the appeal with diligence and effect, and pay all costs of such appeal as shall lawfully be adjudged.

4. That the appeal bond purports to be a joint bond of several appellants, and is not security for costs that might be adjudged against any one of the appellants alone, whereas each appellant should file his individual bond conditioned to pay all costs that may be adjudged against him.

5. That such appeal bond may not be executed, as was done, by a corporation as sole surety thereon.

6. That the American Employers' Insurance Company, the sole security on the appeal bond, is not authorized by its charter to act as surety in judicial proceedings, and the bond is therefore void.

7. That no transcript of the record, or the minutes and entries of the probate court of Lea county, has ever been prepared, certified, and filed in said court, and no authentication of any record of the probate court has been filed in said district court.

That for all of the foregoing reasons the district court has no jurisdiction to proceed further in said cause and has no jurisdiction to determine any matter of fact or law therein.

. Respondents in support of their demurrer to the petition contend that the district court having jurisdiction of the subject-matter and the parties, and an adequate remedy to review and correct errors of fact and law existing by appeal to the Supreme Court, this court should deny the writ of prohibition.

In State v. Medler, 17 N. M. 644-653, 131 P. 976, 980, Ann. Cas. 1915B, 1141, our court adopted the following rule:

"As is well said in State v. Brown, 24 Okl. 433, 103 P. 762:

" 'It is a well-settled rule that, where an inferior court has jurisdiction to take the action contemplated under any circumstances, the exercise of such power by him involving a judicial discretion, a writ of prohibition will not lie. It is only where an inferior tribunal is about to do some act wholly unauthorized by law, or in excess of its jurisdiction, that the writ will lie. Ex parte Engles, 146 U. S. 357, 13 S. Ct. 281, 36 L. Ed. 1005; In re Fassett, 142 U. S. 479, 12 S. Ct. 295, 35 L. Ed. 1087; People ex rel. Graver v. Circuit Court of Cook County et al., 173 Ill. 272, 50

N. E. 928; State ex rel. Hofmann v. Scarritt, Judge, et al., 128 Mo. 331, 30 S. W. 1026: State ex rel. Franklin v. Raborn, 60 S. C. 78, 38 S. E. 260; Board of Education, etc., v. Holt, 51 W. Va. 435, 41 S. E. 337.'

"See, also, State ex rel. Brown v. District Court, 27 Utah, 336, 75 P. 739, 1 Ann. Cas. 711, as to the authorities in accordance with the general doctrine, that a writ of prohibition is not available as a writ of error, but is available only where there is a lack of jurisdiction."

The foregoing rule was specifically approved, reasserted, and applied in the case of Board of Commissioners of Guadalupe County v. District Court, 4th Judicial District, 29 N. M. 244-254, 223 P. 516. The foregoing rule can have but one meaning; that is, if the trial court has jurisdiction of the subject-matter, the writ of prohibition will not lie.

In the case of Hammond v. District Court of Eighth Judicial District, 30 N. M. 130, 228 P. 758, 39 A. L. R. 1490, this court issued its writ of prohibition upon the ground that the inferior court had not acquired jurisdiction of the person and held that the acquisition of such jurisdiction was necessary before the action contemplated by the trial court could be taken.

We thus find that the rule laid down in the Medler Case has been modified by adding thereto jurisdiction over the person, where the same is necessary, and the rule now in force may well be stated as follows:

If the inferior court or tribunal has jurisdiction of both the subject matter and of the person where necessary, the writ of prohibition will not issue, but lacking such jurisdiction the writ will issue as a matter of right.

For other New Mexico cases upon the subject, see Tapia v. Martinez, 4 N. M. 329, 16 P. 272; Lincoln-Lucky & Lee Mining Co. v. District Court, 7 N. M. 486-506, 38 P. 580; Pickering v. Justice of the Peace in and for Precinct No. 2 of San Juan County, 16 N. M. 37, 113 P. 619; Parsons Mining Co. v. McClure, 17 N. M. 694, 133 P. 1063; State ex rel. Harvey v. Medler, 19 N. M. 252, 142 P. 376; City of Roswell v. Richardson, 21 N. M. 104, 152 P. 1137; New Mexico-Colorado Coal & Mining Co. v. Eighth Judicial District Court, 21 N. M. 728, 158 P.

489; Crist v. Abbott, 22 N. M. 417, 163 P. 1085; State ex rel. Park v. Ryan, 24 N. M. 176, 173 P. 858; State ex rel. Delgado v. Leahy, 30 N. M. 221, 231 P. 197.

Relator in her petition does not suggest lack of jurisdiction over the person as a basis for issuing the writ of prohibition. We must therefore assume that the trial court either has acquired, or will acquire, jurisdiction over the person before it proceeds further. The only question remaining for our determination is whether the trial court has jurisdiction of the subject matter.

Section 13, art. 6 of our Constitution provides:

"The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same."

Section 27, art. 6, Id., provides:

"Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and justices of the peace to the district courts, and in all such appeals trial shall be had de novo unless otherwise provided by law."

From the foregoing, an appeal shall be allowed from the final judgments and decisions of the probate court to the district court and the cause shall there be tried de novo, thus giving the district court jurisdiction to try matters concerning the estate of a decedent if appeal has been allowed from the final judgment of the probate court.

The action contemplated by the district court of Lea county is to try de novo certain matters concerning a decedent's estate, previously tried and determined by the probate court of Lea county and appealed and docketed as a cause in the district court.

We therefore find that under the established rule in New Mexico, the present case is one wherein a writ of prohibition should not issue.

But relator strongly contends that strict compliance with the appellate procedure provided by law is an absolute prerequisite to acquisition of jurisdiction by the district

court and then enumerates several alleged defects in the perfecting of the appeal, as heretofore indicated.

Relator overlooks the fact that our Constitution grants an appeal from the probate court to the district court, as a matter of right, and that district courts are by the Constitution given jurisdiction and do not acquire same by virtue of section 34—420, Comp. 1929, and other statutes in pari materia, which are procedural. Undoubtedly the Legislature may prescribe reasonable appellate procedure, but it cannot thereby curtail the jurisdiction of the district court. The questions raised by relator are procedural and not jurisdictional. They are questions which required the exercise of judicial discretion by a court having jurisdiction.

That a writ of prohibition may not be utilized to correct errors of law or fact but only lies where jurisdictional questions are involved is, we think, too well established in this state to require further citation.

For the reasons stated, respondent's demurrer must be sustained and the alternative writ of prohibition discharged, and the respondents directed to proceed with said cause and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.