142 P.2d 544

**GRIM et al. v. PROCTOR et al.**

No. 4788.

Supreme Court of New Mexico.

Oct. 22, 1943.

Durrin & Durrin, of Mosquero, for appellants.

H. E. Blattman, of Las Vegas, for appellees.

BICKLEY, Justice.

This is an appeal from an order of the district court dismissing an appeal from an order of the probate court.

The appellants filed their brief on July 9, 1943. No brief was filed for appellee and according to Rule the case was submitted September 20, 1943.

■ On September 22, 1943, appellee filed a motion to dismiss the appeal here pending on the ground that the trial court was without jurisdiction to enter an order granting an appeal on January 15, 1943, for the reason that no application for such appeal was taken within 20 days from the entry of the decision appealed from.

No brief was filed in support of the motion to dismiss but we assume that movant relies upon the provisions of Sec. 2 of Supreme Court Rule 5.

Movant is mistaken. Judgment of the district court dismissing an appeal from a decision of the probate court is a final judgment. Oskins v. Miller, 33 N.M. 104, 263 P. 766.

From the transcript of the record, the brief of appellant with its statement of the case, which is unchallenged, and from the motion to dismiss, we glean the following: On June 1, 1942, the probate court upon a hearing of the final account and report of the administrator of the estate of William Earl Shaw, deceased, made an order of distribution and settlement of the estate.

Thereafter, on application of the distributees of the estate the administrator was cited to show why distribution had not been made in accordance with such final order of June 1, 1942.

The application also asked for the incidental relief that the administrator be punished for contempt of court for failing to comply with the order of distribution.

The probate court held a hearing on the order to show cause and return thereto and decided that the administrator had accounted for funds in his hands and that "said funds have been distributed according to decree of this court, made and entered on the first day of June, A.D.1942." Perforce, the probate court concluded that the administrator had not been guilty of any contempt of court.

An appeal was taken from this decision to the district court.

Our laws manifest deep concern that appeals shall be allowed from the decisions of the probate court to the district court and be there entertained. Whereas many provisions for appeals from inferior courts arise from legislative enactment merely, our constitution, Art. 6, Sec. 27 provides: "Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and justices of the peace to the district courts, and in all such appeals trial shall be had de novo unless otherwise provided by law." And see Gilmore v. District Court, 35 N.M. 157, 291 P. 295. The respective contentions of the parties are thus stated by appellee in his motion to dismiss the appeal: "The position of appellant is that the District Court should have tried de novo in the District Court, the entire proceedings in the Probate Court, and not alone the matter of the contempt. Appellee's position is that in order for the District Court to have had jurisdiction to

try de novo the matters presented and determined by said Probate Court on June 1, 1942, upon the hearing had on the administrator's final report and accounting, an appeal from the final judgment entered in said cause on June 1, 1942, should have been made to the District Court. The appellee was ordered to show cause why he should not be held for contempt of court for not complying to the order of June 1, 1942. The Probate Court held that he was not in contempt of Court *and that he had fully complied and accounted for the moneys he was ordered to distribute.*" (Emphasis supplied.)

The order of the district court dismissing the appeal from the decision of the probate court recites that it had jurisdiction of the subject matter and of the parties, and further recites:

"2. That the appeal in this case is from an order of the Probate Court of Harding County, New Mexico, to the effect that no contempt had been committed by appellee and respondent in said court, and it further appearing that there is nothing for this court to determine, the said contempt proceedings having been finally disposed in the said Probate Court of Harding County, New Mexico, the Court makes the following order:

"It is the order of the court, that the appeal in this case be dismissed at costs of appellant."

We think the district court fell into error in concluding that the decision of the probate court that no contempt had been committed in the probate court was the sole matter for determination. In our appraisal this was not even the paramount issue.

The main question presented to the probate court was whether the administrator had made distribution of the estate as required by the order of the probate court of June 1, 1942. The enforcement of this order of distribution was the object sought to be accomplished by the distributees of the estate. Punishment of the administrator as for contempt was prayed for merely as a coercive measure to accomplish the more substantial relief sought.

Appellee is mistaken in his appraisal of the situation. No reason appears why the distributees should have taken an appeal from the judgment of the probate court entered June 1, 1942. What the distributees complain of is that the administrator has not complied with that judgment and order of distribution. Whether the administrator has carried the order of distribution into effect was the main issue in the probate court and the issue which the district court was called upon to try de novo.

The motion to dismiss this appeal is denied and the judgment of the district court is reversed, with directions that the cause be remanded and that the court further proceed in a manner not inconsistent with the views herein expressed.

It is so ordered.

SADLER, C. J., and MABRY, BRICE, and THREET, JJ., concur.