152 P.2d 167

**GRIM et al. v. PROCTOR.**

**No. 4838.**

Supreme Court of New Mexico.

Aug. 18, 1944.

Rehearing Denied Oct. 16, 1944.

Durrin & Durrin, of Mosquero, for plaintiff in error.

Henry E. Blattman, of Las Vegas, for defendants in error.

THREET, Justice.

This case is here on a writ of error to the District Court of Harding County, New Mexico.

From the transcript of the record, the brief of plaintiffs in error with their statement of the case, which is adopted by defendant in error, it appears: On June 1, 1942, the Probate Court upon a hearing of the final account and report of the administrator of the estate of William Earl Shaw, deceased, made an order of distribution and settlement of the estate. Thereafter, on application of the distributees of the estate, the administrator was cited to show cause why distribution had not been made in accordance with the final order of June 1, 1942.

The Probate Court held a hearing on the order to show cause, and return thereto and held that the administrator had accounted for the funds in his hands and that "said funds have been distributed according to the decree of this court, made and entered on the 1st day of June, 1942." An appeal was prosecuted to the district court by plaintiffs in error where the district court was called upon to try de novo the question, viz.: Whether the administrator had carried into effect the final order of distribution. Grim v. Proctor, 47 N.M. 307, 142 P.2d 544.

From a judgment in favor of defendant, plaintiffs bring error.

Assignments of error are as follows:

1. "The trial court erred in admitting in evidence copy of letter dated June 12, 1942, written by defendant in error to plaintiff in error Owen C. Grim.

2. "The trial court erred in admitting in evidence a cancelled check drawn to the order of 'Lydia Emma Mason Estate' by the defendant administrator, dated July 17, 1942.

3. "The decision of the trial court that distribution has been made is error and totally unsupported by the evidence. The burden of proof of distribution being on the defendant administrator was not met."

Assignments of error one and two have not been followed up and argued in plaintiffs in error's brief, they will be considered as abandoned. It is a settled rule of this court that assignments of error not pursued and argued in briefs will be considered as abandoned. Candelaria v. Gutierrez, 30 N.M. 195, 230 P. 436; Riverside Sand & Cement Mfg. Co. v. Hardwick, 16 N.M. 479, 120 P. 323; Brobst v. E. P. & S. W. Ry. Co., 19 N.M. 609, 145 P. 258; Clark v. Queen Ins. Co., 22 N.M. 368, 163 P. 371; Klasner v. Klasner, 23 N.M. 627,

170 P. 745; Makemson v. Dillon et al., 24 N.M. 302, 171 P. 673; Alvarado Min. & Mill. Co. v. Warnock, 25 N.M. 694, 187 P. 542; Craford v. Dillard, 26 N.M. 291, 294, 191 P. 513; Walters v. Walters, 26 N.M. 22, 188 P. 1105; Hawkins v. Berlin, 27 N.M. 164, 201 P. 108; Terry et ux. v. Humphreys et al., 27 N.M. 564, 203 P. 539.

Under plaintiffs in error's third assignment of error it is argued that the decision of the trial court is totally unsupported by the evidence. Plaintiffs in error failed to adduce any evidence at the close of the defendant in error's case, and made no request for specific findings of fact and none were made by the trial court, except as contained in the judgment, as follows: "That the appellee, J. B. Proctor has made distribution in pursuance of and in accordance with the order of the Probate Court of Harding County, New Mexico, of date June 1st, 1942, in cause No. 242, entitled: 'In the Matter of the Estate of William Earl Shaw, deceased,' in the Probate Court of Harding County, New Mexico."

We have carefully examined the record and conclude that the finding of fact made by the trial court is supported by substantial evidence and that such finding supports the judgment.

There being no error in the record, the judgment is affirmed, and

It is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.

On Motion for Rehearing.

THREET, Justice.

The motion of plaintiffs in error for a rehearing will have to be denied. If the defendant in error, acting under a power of attorney and as attorney in fact for plaintiffs in error, Owen C. Grim and Mary S. Blackburn, issued to himself, as administrator of the estate of William Earl Shaw, deceased, receipts for and received the distributive shares of the estate belonging to Owen C. Grim and Mary S. Blackburn, as the record would appear to indicate, and has failed to properly account to them for their portion of the estate, that, as properly suggested by the trial court, and by counsel for defendant in error at the oral argument in this court, might be the basis of an independent suit for that purpose; but the question of an accounting between principal and agent is foreign to the issues in the instant case and may not be herein determined.

The motion for rehearing will be denied and

It is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.