159 P.2d 761

**LEVERS et al. v. HOUSTON.**

No. 4873.

Supreme Court of New Mexico.

April 12, 1945.

Rehearing Denied July 6, 1945.

See also 49 N.M. 166, 159 P.2d 759.

G. T. Watts, O. O. Askren, and Frazier & Quantius, all of Roswell, for appellants.

A. B. Carpenter, of Roswell, for appellee.

SADLER, Justice.

This is an appeal from a judgment of the district court of Chaves County, dismissing a joint appeal to that court by Grace L. Levers, as administratrix of the estate of Ray E. Levers, deceased, and Frances Dale, one of his heirs at law, from an order of the probate court allowing appellee's claim against the estate.

The decedent died on October 1, 1941, and following his death his wife, Grace L. Levers, was appointed administratrix of his estate by the probate court of Chaves County. She duly qualified and published statutory notice of her appointment in the Roswell Morning Dispatch with a publica-

tion beginning October 11, 1941. In due course of administration the claim of L. N. Houston against the estate upon a promissory note executed by the decedent in his lifetime was allowed in the sum of $2,497.97, plus interest as specified in the order of allowance entered August 8, 1942. On November 2, 1942, the administratrix was granted an appeal to the district court from the order allowing the claim and appeal bond was fixed by the probate judge at the sum of $5,000.

The appeal was duly docketed in the district court, whereupon the claimant, L. N. Houston, moved to dismiss the same as having been unseasonably sued out since more than twelve months had expired after publication of first notice to creditors on October 11, 1941, before the appeal was sought on November 2, 1942. Thus, so urged claimant in the motion filed, the district court was without jurisdiction to entertain the appeal.

Thereafter, and on November 29, 1943, Frances Dale, a daughter and one of the heirs at law of decedent, entered her appearance in the district court by filing written objections to the allowance of the claim upon several grounds, among them, that it was barred by the statute of limitations and that security for the note, represented to decedent as ample to pay the same, had been released without notice to him. The case was promptly heard upon objection filed by the heir, Frances Dale, with whom the administratrix aligned herself in support thereof. The trial judge made an interlocutory ruling at the outset

of the hearing, denying the motion to dismiss theretofore filed by the claimant, L. N. Houston, the appellee, who will hereinafter be so designated. The administratrix and daughter will be called appellants, save where necessary to differentiate between them.

Within three or four weeks after the hearing, each side filed requested findings of fact and conclusions of law. They appear never to have been considered or acted upon by the court. The matter remained in this status from January until April, 1944, when seemingly the appellee asked reconsideration of his motion to dismiss for on April 7, 1944, the record discloses entry of an order sustaining the motion upon the jurisdictional ground that the purported appeal had not "been perfected in time." It is from the judgment dismissing the appeal that Grace L. Levers, as administratrix of the decedent's estate, and Frances Dale, as one of his heirs at law, prosecute this appeal.

With this factual background in the record, we have for decision the question whether an appeal by an administratrix to the district court from an order allowing a claim, obtained within 90 days of such order pursuant to 1941 Comp., Sec. 16-418 (the general statute governing appeals from the probate court to the district court) vests the district court with jurisdiction to conduct a trial de novo of such claim, notwithstanding the fact that the appeal was "taken * * * more than twelve (12) months after the first publication of notice of the appointment of the

172

* * * administrator," beyond which time appeals of the kind in question are expressly prohibited by 1941 Comp., Sec. 33-805.

■ After carefully considering the applicable statutes, we are forced to the conclusion that the appeal from the probate court to the district court is controlled by 1941 Comp. Sec. 33-805, and not having been taken within the time limited by the statute, the district court was without jurisdiction to entertain the same. Accordingly, the motion to dismiss the appeal was properly sustained. The appellants admittedly took their appeal under the general statute, 1941 Comp. Sec. 16-418, authorizing an appeal from the probate to the district court within 90 days by a person aggrieved by any decision of the probate court. If such statute be controlling, the appeal was sought in time. The judgment complained of was rendered August 8, 1942, and the appeal therefrom was allowed on November 2, 1942. The appellants rest their case upon the applicability of this statute.

When, however, the judgment from which an appeal is sought is one allowing or rejecting a claim against an estate then in the course of administration, we find a special statute prescribing the time within which the appeal must be sought. 1941 Comp. Sec. 33-802, makes it the duty of the probate judge to hear and determine all claims against the estate. It requires that all such claims shall be stated in detail, sworn to and filed and five days notice of the hearing thereof, accompanied by a copy of the claim, shall be served on the executor or administrator, unless approved by him, in which case it may be allowed by the probate judge without such notice.

Next, it is provided by Sec. 33-803 that all claims against the estates of deceased persons not so filed and notice given as just indicated, within six months from the date of the first publication of notice of the appointment of the executor or administrator, shall be barred. This section further provides that no suit upon any claim shall be maintained unless the same be begun within twelve months after the date of first publication of the notice of appointment.

Finally, having prescribed the time and manner of presenting claims against a decedent's estate, the legislature took up the matter of their allowance or rejection and of appeals from orders thereon. 1941 Comp., Sec. 33-805, insofar as material provides:

"All claims filed and not expressly admitted in writing signed by the executor, shall be considered as denied without any pleading on behalf of the estate. If a claim filed against the estate is not so admitted, the court may hear and allow the same or may reject it. In the latter case the claimant may appeal to the district court or bring his action therefor against the executor or administrator in the district court within six (6) months after the rejection of the claim by the probate court, and not afterward; but no such appeal shall be taken or action brought more

than twelve (12) months after the first publication of notice of the appointment of the executor or administrator. The executor or administrator shall in like manner have the right to appeal from the allowance of any claim."

Thus, it is seen that we have a general statute regulating appeals at large from the probate court to the district court and fixing the time within which such appeals may be taken and, also, a special statute prescribing a different time where the judgment is one allowing or rejecting a claim against the estate of a decedent. Which is to control where the appeal in question is timely under the general statute but too late under the special one? Obviously, the latter.

■ The author of the text on the subject appearing in 4 C.J.S., p. 889, § 431, under the topic "Appeal and Error," states:

"A particular time or period specifically prescribed for the taking or perfecting of an appeal, proceeding in error, or the like, in any particular action or proceeding, or from or to any particular judgment, order, or decree must be observed in cases falling within the content and purview of such statute; such special statutes are not deemed permissive, giving the party desirous of review an option between alternative times, namely, an election between the time thus specially provided and the time prescribed by the general statute, where they differ, but are ordinarily designed to secure a prompt hearing and a final determination in cases with which

they deal, and hence must be complied with."

See, also, In re Brewer's Estate, 156 Cal. 89, 103 P. 486; Browning v. McCracken, 97 Ind. 279; and Webb v. Simpson, 105 Ind. 327, 4 N.E. 900.

In Browning v. McCracken, supra, the Supreme Court of Indiana sustained a motion to dismiss an appeal in a probate matter because not timely sued out under the special statute governing appeals in probate matters. The court said:

"The proceeding is not one provided for by the civil code, but is a special and necessary mode of controlling the action of administrators, and thus expediting the settlement of estates. Common observation shows how necessary it is to close up estates in as speedy manner as possible. For this purpose the statute making a short limit upon appeals was enacted. To exempt matters of this kind from its operation would be to thwart its purpose, and postpone the settlement of estates."

The same court spoke in a similar vein a few years later in Webb v. Simpson, supra, again dismissing an appeal in a probate matter because tardily applied for under the statute regulating such appeals. The court said:

"On the eleventh day of October the appellees appeared, and moved to dismiss the appeal on the ground that, as the case is governed by sections 2454 and 2455 of the statute, the appeal was not taken in time. This motion must be sustained. The case is not governed by the general rule regu-

lating appeals, but is governed by the provisions of the statute referred to. Yearley v. Sharp, 96 Ind. 469; Browning v. McCracken, 97 Ind. 279; Miller v. Carmichael, 98 Ind. 236; Rinehart v. Vail [103 Ind. 159], 2 N.E. 330, and authorities cited."

About the only argument offered by appellants against the correctness of the trial court's ruling on the motion to dismiss is that Const. Art. 6, Sec. 27, creates a right of appeal "in all cases" from final decisions and judgments of the probate court to the district court, as held in Gilmore v. District Court, 35 N.M. 157, 291 P. 295, which cannot be denied by any statute; and, further, that the statute relied upon by appellee as barring their appeal authorizes an appeal by the administrator, without the limitation as to time of seeking it, imposed on claimants appealing from an order rejecting a claim, thus rendering it timely if sued out within the time provided by 1941 Comp. Sec. 16-418.

This latter contention is wholly without merit. The language in question found in Sec. 33-805, reads:

"The executor or administrator shall in like manner have the right to appeal from the allowance of any claim."

To give to this language the meaning claimed for it by appellants would defeat the whole purpose of the statute which is to accomplish a speedy and final determination of claims against the estate to the end that, under normal conditions, it may be closed within one year after being opened.

An appeal by an administrator from an order allowing a claim is as well calculated to bring about a delayed closing of the estate as an appeal by claimant from an order of rejection.

The suggestion that L.1901, c. 81, Sec. 40, 1941 Comp.Sec. 16-418 repealed by implication L.1889, c. 90, Sec. 29, 1941 Comp. Sec. 33-805, is not persuasive when we consider the disfavor with which courts look upon repeals by implication and in view of the fact that the questioned statute, during the long period since its claimed repeal, has been treated by three distinct sets of compilers of our laws, by a succeeding legislature, and even by this court, as in full force, and of the additional and significant fact that never before, until now, nearly half a century after the event, has an implication of repeal suggested itself to either court or counsel.

If an implied repeal occurred, it was accomplished when the 1901 act took effect and, yet, when two of the ablest lawyers in the state, the late Stephen B. Davis and former Governor Merritt C. Mechem, codified the laws in 1915, they were not so impressed and placed the statute under the enacting clause of the 1915 code as section 2279 thereof. Likewise, when W. H. Courtright Publishing Company of Denver in 1929 and Bobbs-Merrill Company of Indianapolis in 1941, each with legal staffs experienced in such matters, prepared their respective compilations, the claimed repeal was not sensed by them, and the questioned statute was for the second and third times carried forward as an existing law, without

so much as indicating the possibility of an implied repeal of this section by the 1901 act, although suggesting in 1941 Compilation the implied amendment of section 46 of the 1889 law by the later act. See Compiler's note to 1941 Comp., Sec. 32-215. Moreover, this court in Buss v. Dye, 21 N.M. 146, 153 P. 74, quotes the statute in full in its opinion, obviously comprehending it as an existing statute in full force.

This is not all, if more were needed to emphasize the unchallenged recognition of the questioned statute as unrepealed and alive over a period of nearly fifty years. In 1937 the thirteenth regular session of the legislature amended it, L.1937, c. 136, Sec. 2, by limiting the ultimate time within which appeals could be taken from orders rejecting or allowing claims to 12 instead of 18 months, running from first publication of notice of appointment of administrator, rather than from date of such appointment. 1941 Comp., Sec. 33-805. This amendment was adopted so as to harmonize the section with 1941 Comp. Sec. 33-803, amended by Sec. 1 of the same act, thus demonstrating that these various sections of the law relating to the proof of claims against estates are all essential and component parts of a completed whole designed to bring about the speedy administration and closing of estates of decedents. Buss v. Dye, supra.

Nor does the statement of the trial court in its opinion in Teopfer v. Kaeufer, 12 N. M. 372, 78 P. 53, 54, 67 L.R.A. 315, that L. 1889, c. 90, Sec. 46, was amended by implication by L.1901, c. 81, Sec. 40, except as to probate court decisions approving or disapproving wills, in the least support the argument that this same section repealed by implication section 29 of the 1889 act. In the Teopfer case there was a motion to dismiss the appeal from the probate to the district court because "not taken as required by law." The opinion fails to disclose in what respect it was not taken as required by law. Nevertheless, it seems obvious that the party appealing from the probate to the district court must have been following the requirements of the old Kearny Code provision appearing in 1941 Comp. as Sec. 32-216, providing that appeals from the probate court to the district court should be taken "in the same manner, and subject to the same restriction as in case of appeals from the district to the Supreme Court." In so doing, he, Kaeufer, apparently failed to comply with procedural requirements for transferring the cause set up in L.1901, c. 81, Sec. 40, thus provoking a motion to dismiss.

Until the enactment of the 1901 law appeals from the probate to the district court were governed procedurally by the law governing appeals from the district court to the supreme court, except as modified by L. 1889, c. 90, Sec. 46. It will be noted that Sec. 29 of the 1889 act, limiting the time for appeals from orders rejecting or allowing claims, made no attempt to provide the procedural requirements by which such appeals should be taken, intending, of course, that they should be governed in that respect by the prevailing law. Naturally, when the 1901 act provided requirements

for appeals from the probate to the district court in conflict with prevailing requirements for appeals from the district to the supreme court, both could not stand and there resulted the amendment by implication mentioned in the opinion in the Teopfer case. However, the territorial court rests its decision in that case on the language of the proviso at the close of Sec. 40 of the 1901 law expressly exempting from its effect any proceedings then provided by law for the review in the district court of any decision of the probate court upon the approval or disapproval of any last will or testament.

We have no quarrel with the correctness of the statement in the Teopfer case, further supported by our opinion in the case In re Heiman's Will, 35 N.M. 522, 2 P.2d 982, that insofar as the 1901 act sets up procedural requirements for transferring the cause on appeals from the probate to the district court in conflict with previously existing procedure governing appeals from the district to the supreme court (made applicable to probate court appeals by the Kearny Code provision now appearing as 1941 Comp. Sec. 32-216 heretofore mentioned) it supplants and supersedes procedural requirements theretofore in force by virtue either of L.1889, c. 90, Sec. 46 or the Kearny Code provision.

[4, 5] But what this entire argument on the question of an implied repeal ignores and overlooks is that:

"A subsequent statute, treating a subject in general terms, will not be held to repeal by implication an earlier statute treating the same subject specifically, unless such construction is absolutely necessary in order to give the subsequent statute effect." State v. Romero, 19 N.M. 1, 140 P. 1069.

Furthermore, the argument fails to observe in support of the axiomatic rule that repeals by implication are not favored, that "it is the duty of the courts so to construe the acts, if possible, that both shall be operative." Territory v. Matson, 16 N.M. 135, 113 P. 816, 819.

Unquestionably, the 1889 act is special in relation to appeals from judgments of the probate court rejecting or allowing claims. This assertion is indisputable. Being so, it is not to be held repealed by implication by a later general statute concerned with appeals from probate judgments unless it is impossible so to hold in order to give the later act effect. It could be argued almost with as much plausibility that because L.1889, c. 90, Sec. 46, authorized appeals from probate court judgments relative to estates within three months, section 29 of the same act providing a different period for appeals from orders allowing or rejecting claims was impliedly repealed. There is no reason to suppose that the 1901 legislature was unfamiliar with these inconsistent provisions in the 1889 law for the two kinds of appeals, nor that the 1901 legislature intended its general provision governing probate court appeals should have any greater effect on the special provision in the 1889 act than a somewhat similar provision embraced in the 1889 act itself had. Otherwise, it

would have put in a specific repeal of such special provision.

Concern expressed over anticipated delay in closing estates, *if* a claimant should postpone filing claim and giving notice of hearing thereon until the very last day or limit of the time permitted (one ·year under the statute as originally enacted), and *if* for any reason the matter should not reach an early hearing before the probate judge, under a statute enacted primarily, in this particular, to expedite the closing of estates, seems almost ironical. As a matter of fact, knowledge on the part both of the claimant and the administrator that the decision of the probate judge rejecting or allowing a claim is final and without the remedy of appeal if rendered more than one year after first publication of notice of appointment, furnishes a most effective spur to a claimant in presenting, and to an administrator in bringing to hearing and judgment well within the time permitted, any claim against the estate.

As to the further contention that · the district court had jurisdiction of the appeal by virtue of Const. Art. 6, Sec. 27, we may agree with appellants, yet not in a way that will solve their difficulty, which arises from a failure to comply with the procedural requirement as to the time within which they should have taken an appeal. It is true, as pointed out by them, that we said in Gilmore v. District Court, supra [35 N.M. 157, 291 P. 298], "that district courts are by the Constitution given jurisdiction (of appeals from probate court) and do not acquire same by virtue of· section 34-420, Comp.1929, and other statutes in pari materia, which are procedural." The matter was before us on prohibition and we were speaking in its broadest ·sense of jurisdiction in the district court over the subject matter of appeals from the probate court absent legislation setting up the machinery therefor. This is clearly demonstrated by what we said in the later case of State ex rel. Heron v. District Court, 46 N.M. 296, 128 P.2d 454, 457, touching this case and the very question now before us, to-wit:

"The language just quoted may merit some clarification. Although strongly affirming jurisdiction in the district court under Const. Art. 6, §§ 13 and 27 of the subject matter of appeals from probate and justice courts, it was ·not meant by this language of the opinion in the Gilmore case to hold the legislature powerless to enact reasonable procedural requirements regulating the same, non-compliance with which would operate to defeat the relief sought by appeal. Cf. Crabtree v. Board of Com'rs of Socorro County, 37 N.M. 80, 18 P.2d 657. On the other hand, neither was it intended by such language to hold that the constitutional grant to district courts of jurisdiction over the subject matter of such appeals would leave the district court invested with jurisdiction to entertain an appeal not asked for within the statutory time or one in which no bond at all had been filed, if bond has been declared, as in New Mexico in the case of justice court appeals, a statutory condition of the right thereto."

Controlling statutes relating to proving claims against the estates of decedents and disposing of appeals from orders allowing or rejecting the same are complementary to each other and have for one of their chief aims the speedy administration and closing of such estates. Buss v. Dye, 21 N.M. 146, 153 P. 74. This statement is as true of these statutes today, notwithstanding amendments shortening the time for proving claims and disposing of appeals from orders allowing or rejecting the same, as it was prior to such amendments when Buss v. Dye was decided. The controlling statutes contemplate that estates may be closed within 6 months, 1941 Comp. Sec. 33-809; certainly, that they shall be ripe for closing shortly following the expiration of one year from the date on which they were opened.

It follows from what has been said that the trial court properly sustained the motion to dismiss the appeal. Accordingly, its judgment will be affirmed, and

It is so ordered.

MABRY, C. J., and LUJAN, J., concur.

BICKLEY, Justice (dissenting).

It is my view that 1941 Comp. 16-418, repealed that portion of 1941 Comp. 33-805 relating to appeals from decisions of probate courts including rejection of a claim filed against a decedent's estate. The latter section was a part of Ch. 90 of L.1889 entitled:

"An Act to Amend the Laws Relative to the Estates of Deceased Persons."

1941 Comp. 16-418 was a part of Ch. 81, L.1901 entitled as follows:

"An Act to Provide a Method of Procedure in the Administration of Estates of Deceased Persons, to Define the Duties of Administrators and Executors, and Providing a Method of Appeal from Probate Courts to District Courts, and for Other Purposes."

The law relating to implied repeals is not complicated.

In State v. Romero, 19 N.M. 1, 140 P. 1069, it was decided:

"Repeals by implication are not favored, but will be declared by the courts in cases where 'the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and therefore to displace the prior statute.' "

In Baca v. Board of Com'rs of Bernalillo County, 10 N.M. 438, 62 P. 979, we decided:

"Where two statutes have the same object and relate to the same subject, if the later act is repugnant to the former the former is, to the extent of the repugnancy, repealed by implication, even in the absence of the repealing clause in the later act."

I think the fact that the 1889 Act relative to appeals from decisions of the probate courts was rather vague, uncertain and unsatisfactory in its operation, affords a reasonable conjecture as to why the portion of Ch. 81, L.1901 relative to such appeals was

enacted. As the law existed under Ch. 90 L.1889, all claims against the estates of deceased persons not filed and notice given within a year from the date of the appointment of the executor or administrator were barred. That would mean, as I take it, that a claim would not be barred if it were filed and notice given on the last day of the year from the appointment of the administrator. This would mean then that some time after the period of one year from the date of the appointment of the administrator, the probate court might hear and allow the claim or reject it. That would mean that the probate court might have the hearing at one time or another, accordingly as the engagements of the probate court might permit, or as influenced by the ability of the parties to present or defend against a claim influenced by their engagements, and the ability to get the witnesses into court. It might be that after the probate court had heard the testimony and considered the evidence, the case might be taken under advisement and a decision rendered later. In other words, there were no specific provisions as to when the probate court was required to hear such a matter or when a decision should be rendered.

So that, if no appeal could be taken more than 18 months after the appointment of the administrator, then the result could possibly have been that the 6 months interim between the last date for filing a claim and the expiration of 18 months could be whittled down anywhere from 6 months to one day, or even less than one day in which an appeal could be taken.

That is to say, it would be possible that the probate court could render its decision on the last day of the 18 months after the appointment of the administrator.

I do not say that the legislature could not bring about such an unfortunate and undesirable result, but I do say that it was a very unsatisfactory situation and doubtless the bench and bar found it so, and this situation afforded perhaps the reasons for the enactment of Ch. 81, L.1901 which provided a new and complete code governing appeals from decisions of the probate courts.

Other reasons for the desirability of the 1901 enactment are suggested.

By Sec. 46 of Ch. 90 L.1889, any party aggrieved by the decision of the probate court would have the right to appeal at any time within 3 months from the time such decision was rendered, whereas by Sec. 29 of the same Act, an appeal could be taken from the decision of the probate court rejecting a claim against the estate within 6 months after the rejection of the claim by the probate court. There was no apparent good reason for this discrepancy and to allow 6 months within which to appeal might have a tendency to delay the settlement of estates.

The foregoing and other considerations afford sufficient reason why the legislature probably thought in 1901 that the whole thing of appeals from probate courts to district courts should be worked over. The requirement of the 1901 Act that appeals from any decision of any probate

court shall be taken within 90 days of the rendering of any such decision upon the giving of an appeal bond is certainly repugnant to and irreconcilable with a provision of an earlier act stating that an appeal could be taken from a decision of a probate court within 6 months of the rendering of such decision without any requirement for an appeal bond.

Some support is given my argument in Teopfer v. Kaeufer, 12 N.M. 372, 78 P. 53, 67 L.R.A. 315, in which it was held in effect that Sec. 46 of Ch. 90, L.1889 was repealed by Sec. 40 of Ch. 81, L.1901. There was not any more an express repeal of Sec. 46 of Ch. 90 L.1889, than there was of Sec. 29 of said Chapter, and the courts holding that Sec. 46 had been repealed is persuasive that the territorial court in the Teopfer case considered it too obvious to require discussion that Sec. 40 of Ch. 81, L.1901 was a new and complete code governing appeals from probate courts to district courts except as specifically limited in the amendatory and repealing enactment.

The failure of early compilers of our statutes to sense that the 1889 act was superseded by the 1901 act is of little value in view of the fact that the compilation commission and their legal advisors in the preparation of the 1941 Compilation recognized that the 1889 act had at least in part been superseded by the 1901 act. See compiler's note to Sec. 32-215 1941 Comp. The antiquity of mistakes and persistence therein do not relieve us of the responsibility of setting things right when our attention is engaged.

I find it unnecessary to consider the effect of Art. 6, Sec. 27 of our Constitution providing that appeals shall be allowed in all cases from the final judgments and decisions of the probate courts to the district courts, except to recall that in Grim v. Proctor, 47 N.M. 307, 142 P.2d 544, we remarked that this provision manifests a deep concern that appeals shall be allowed from the decisions of the probate court to the district court. This deep concern adds another reason for the adoption of the view here presented that it was the intention of the legislature by the enactment of Sec. 40 of Ch. 81 L.1901 to provide a full and complete code of appellate procedure pertaining to decisions of the probate courts except as therein limited to replace a former indefinite code of procedure which might, under some circumstances, even defeat the right of appeal without the fault of the party aggrieved.

These considerations lead me to the conclusion that the judgment of the district court should be reversed and the cause remanded with directions to hear the matter upon its merits.

BRICE, Justice (dissenting).

I concur in the opinion of BICKLEY, J.