227 P.2d 625

## McBEATH v. CHAMPION.
### No. 5322.

Supreme Court of New Mexico.

Feb. 7, 1951.

Shipley & Shipley, Alamogordo, for appellant.

J. S. McCall, Ray O. Sage, Carlsbad, for appellee.

LUJAN, Chief Justice.

This suit was brought in the District Court of Eddy County, New Mexico, by Mittie McBeath, plaintiff below, against R. D. Champion, as administrator of the estate of Gerald D. Champion, on an open account in the sum of $1395.97, claimed by the plaintiff to have been owing to her by the deceased at the time of his death. The suit was tried to the court which resulted in judgment for the plaintiff and the defendant appeals. The parties will be referred to as they appeared in the lower court.

On the date this suit was instituted in the District Court of Eddy County, the estate of Gerald D. Champion, deceased, was in process of administration in the District Court of Otero County, New Mex-

ico, having been removed thereto from the Probate Court of that county. The claim of the plaintiff had been filed in the probate court before the removal took place, but no hearing had been held on it there. Neither had the administrator approved the claim nor was it ever allowed or disallowed by the probate court.

Prior to the taking of testimony the legal defenses pleaded by the defendant were presented and argued to the court. It reserved its decision on those questions until after the evidence was presented. At the conclusion of the plaintiff's case the defendant renewed his motion made at the outset on lack of jurisdiction, but the court did not then rule thereon. At the close of the entire case the court stated: "I will overrule the motion as to both of the matters of jurisdiction and will find generally for the plaintiff."

Judgment was entered for the plaintiff conformably to the court's announcement, as already indicated. This appeal seeks the revision and correction of that judgment. The two decisive questions presented and argued in the briefs are as follows:

(1) That the district court of Eddy County was without venue to entertain the plaintiff's action.

(2) That the plaintiff could not maintain an action on her claim in the district court of any county because it had never been rejected by an order entered in the probate proceedings on decedent's estate.

■ We need not determine the first question mentioned next above relating to venue of the action in Eddy County. We may assume for purposes of this decision, although we do not decide the point, that the venue as laid is proper. Nevertheless, neither the district court of that county nor of any other county can entertain jurisdiction of this action, because the claim has never been rejected by the court in which the probate proceedings are pending.

■ Under the provisions of 1941 Compilation, Section 33–802, it is the duty of the probate judge to hear and determine claims against estates of decedents. The claims are to be stated in detail, sworn to and filed and five days notice of the hearing thereof, accompanied by a copy of the claim, must be served on the executor or administrator, unless he shall have approved the same. In the latter event they may be allowed by the judge without the notice mentioned above. The requirements just recited are mandatory and neither heirs nor the administrator can waive them, nor can conduct on their part be made the basis of an estoppel which will prevent the bar of the statute. In re Lander's Estate, 34 N.M. 431, 283 P. 49.

If the claim is allowed by the probate judge there is, of course, no occasion to appeal the matter to the district court, or bring an independent action in the latter court against the executor or administrator within six months "after the rejection of the claim by the probate court." This course is authorized by 1941 Comp., Section 33–805 which, in so far as material reads: "All claims filed and not expressly admitted in writing signed by the executor, shall be considered as denied without any pleading on behalf of the estate. *If a claim filed against the estate is not so admitted, the court may hear and allow the same or may reject it. In the latter case the claimant may appeal to the district court or bring his action therefor against the executor or administrator in the district court within six (6) months after the rejection of the claim by the probate court, and not afterwards;* * * *."* (Emphasis ours.)

█ It is thus to be seen that a rejection of the claim by the probate court is indispensable to the right of appeal to the district court and as well to the right to institute a separate action on the claim in that court. Indeed, until an order rejecting a claim is entered, there is nothing from which to appeal to the district court nor upon which to base an independent action in that court. Cf. Buss v. Dye. 21 N.M. 146, 153 P. 74, 75; In re Baeza's Estate, 41 N.M. 708, 73 P.2d 1351. The

trial court's finding No. 9, reads: "That said claim was never approved by the administrator and was never allowed or disallowed by the probate court of Otero County, New Mexico."

The foregoing finding (and it is not challenged) is absolutely conclusive against the right of plaintiff (appellee) to maintain an action on the claim involved in the district court either of Otero County or of Eddy County. In Buss v. Dye, supra, we said: "We think it clearly appears from the provisions of section 2278, Code of 1915, that all claims against estates not filed, and notice given as provided by law, within one year from the date of the appointment of the executor or administrator, shall be barred. *The appeal allowed by section 2279, Code 1915, applies only in those cases where the claim is not admitted by the executor or administrator, and is subsequently rejected by the probate court.* But this provision is subject to the previous statutory requirement referred to, providing that all claims must be presented within one year from the date of the appointment of the executor or administrator." (Emphasis ours.)

It is just as true of the separate action on a claim in the district court as it is on appeals that the statute applies only where a claim is rejected by the probate court. In other words, Section 2279 of 1915 Code, now 1941 Comp., Section 33–805 (but amended in a respect not material to this

appeal) forms an absolute bar to the pro-secution of this claim in the district court because it has never been rejected by the probate court.

It follows from what has been said that the judgment of the district court is erroneous and should be reversed. The cause will be remanded to the district court of Eddy County with a direction to that court to set aside its judgment and dismiss the plaintiff's complaint. The defendant (appellent) will recover the costs of this appeal. It is so ordered.

SADLER, McGHEE, and COMPTON, JJ., concur.

COORS, J., did not participate.