Dowell E. PATTERSON, Executor of the Estate of Harman H. Wynkoop, deceased, Appellant,

v.

Ernest WYNKOOP and Frances M. Wynkoop, his wife, Appellees.

No. 7477.

United States Court of Appeals
Tenth Circuit.

March 16, 1964.

Melvin D. Rueckhaus, of Rueckhaus & Brown, Albuquerque, N. M., for appellant.

James L. Dow, Carlsbad, N. M., for appellees.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment of the New Mexico Court, dismissing a diversity action by appellant, a Colorado domiciliary executor, against the New Mexico ancillary administrator and his wife, in their individual capacities. The suit sought an accounting and judgment for money entrusted to them by the testator during his lifetime. The trial Court's order of dismissal apparently rests upon the ground that the ancillary administrator was the real party in interest in a suit to enforce an accounting, even against himself; and, that in any event, the New Mexico Probate Court, with exclusive jurisdiction of the Harman H. Wynkoop estate in New Mexico, was the proper forum in which to bring the administrator to account for any money due the estate. We agree that the action was properly dismissed, as not being maintainable in the federal court.

New Mexico authorizes a foreign executor or administrator for sue or be sued in its courts in his representative capacity, "in like manner and under like restrictions as a nonresident * * *." 31-2-9, N.M.S.1953. And, where ancil-

lary letters testamentary or of administration have been issued out of any New Mexico probate court, in accordance with applicable statutes, such executor or administrator may sue or be sued in any court in the State, in his representative capacity. See: 31–2–5, N.M.S.1953. But, the law of New Mexico also explicitly provides that the probate court shall have "exclusive original jurisdiction," to hear and determine all controversies "respecting the duties, accounts and settlements of executors, administrators and guardians * * *." 16–4–10, N.M.S.1953. The statutes also provide that they shall be under bond (31–2–2, N.M.S.1953) with the duty to "make and file with the clerk of the probate court an inventory under oath of all real and personal property of the decedent which shall come to their knowledge or possession." 31–3–2, N.M.S.1953. They are also required to render timely accounts, showing the condition of the estate, its debts and assets. See: 31–12–1, N.M.S.1953.

The trial Court found, and it is not disputed, that appellee, Ernest Wynkoop, is the duly qualified and acting ancillary administrator of the Harman H. Wynkoop estate, under an order of the Probate Court of Bernalillo County, New Mexico. That court thereupon became vested with exclusive original jurisdiction to hear and determine all matters respecting the duties of the ancillary administrator to account for assets of the estate within his knowledge or possession. The foreign domiciliary executor apparently attempts to avoid the exclusive jurisdiction of the New Mexico probate court, by directing his claim against the appellees, in their individual capacities. It may be conceded that in the absence of ancillary administration, or in the event of issuance of ancillary letters testamentary to the appellant, as foreign executor (i. e., see: 31–2–2, Ibid.), he could have brought a plenary action against the appellees for collection of the debt as an asset of the estate. Cf. Duehay v. Acacia Mut. Life Ins. Co., 70 App.D.C. 245, 105 F.2d 768,

124 A.L.R. 1268. But, upon issuance of ancillary letters of administration to the appellee, Ernest Wynkoop, he was under statutory duty to fully account for all assets of the estate in his possession—whether in his representative or individual capacity. Being under a fiducial duty to account to the Probate Court for his personal indebtedness to the estate, he cannot be made to account in another forum. And, the appellant's recourse is in the Probate Court, with the right of appeal to the State district court—not in this independent diversity suit, to sequester an asset of the estate. See: 16–4–10, supra; and McBeath v. Champion, 55 N.M. 114, 227 P.2d 625.

The judgment is affirmed.