This is a companion case to Levers et al. v. Houston, No. 4873,49 N.M. 169, 159 P.2d 761. It represents a separate effort by a different approach to have the district court of Chaves County try de novo the claim of L.N. Houston against the estate of Ray E. Levers, deceased, upon the note involved in the proceeding reviewed on the other appeal. We have just held in that case that the district court properly dismissed the appeal from the probate court, obtained jointly by the administratrix and by the appellant herein, an heir at law of decedent, on November 2, 1942, from an order allowing appellee's claim, entered August 8, 1942, as having been "taken * * * more than twelve (12) months after the first publication (on October 11, 1941) of notice of the appointment of the * * * administrator".
After the docketing in the district court of the joint appeal of the administratrix and the appellant herein and on May 22, 1943, the appellee, Houston, filed the motion to dismiss, later sustained by the district court, the correctness of which ruling was reviewed and upheld on the other appeal. Apparently, sensing the danger which the motion presented to a trial de novo of appellee's claim on the appeal to the district court, the appellant herein, Frances Dale, on November 12, 1943, as an heir at law of decedent, filed in the district court her application for removal into that court of the entire administration proceeding upon the estate of her father pursuant to the provisions of 1941 Comp. § 16-419 et seq., L. 1919, c. 40. An order of removal was entered on the same date upon which the application was filed.
Shortly following and on November 24, 1943, the appellant, Frances Dale, filed in the district court proceeding, thus removed, her written objections to allowance of appellee's claim, being in all respects identical with the same document filed only five days later on November 29, 1943, in the separately docketed proceeding pending in the district court on the appeal by her and the administratrix from the order of the probate court allowing said claim.
Thus the matter stood when it came on for hearing before the court on April 7, 1944, which resulted in entry of an order on that date, reading as follows:
"This matter coming regularly on to be heard before the Court upon the objections to allowance of claim by Frances Dale, and the Court being well and sufficiently advised in the premises, finds:
"That said objections were filed out of time, and that the judgment and ruling of this Court in Cause #11567, being the matter of the appeal by the Administratrix from an order heretofore allowing said claim, fully disposes of the merits of this objection on the part of Frances Dale. *Page 168 
"It is therefore the judgment, order and decree of this Court that the objections of Frances Dale to the allowance of the claim of L.N. Houston be, and the same are hereby, over-ruled and denied, for the reason that the order and judgment of the Probate Court of August 8, 1942, was final and conclusive long prior to the filing of these objections by the said Frances Dale."
It is from the order so entered that the appellant, Frances Dale, prosecutes this appeal seeking a revision and correction thereof. She assigns a single error, namely, that the trial court erred in denying her the right to contest appellee's claim in the administration proceeding so removed into the district court. Much space in her brief is devoted to an argument on the right of an heir at law to appear and object to the allowance of claims against the estate, anticipatory of the contention by appellee that the heir is bound through the administratrix by the judgment of the probate court which, as argued, had become final through failure to prosecute a timely appeal. This and other unrelated arguments we need not discuss, since there are two considerations presently to be mentioned, either of which sustains the action of the trial court.
In the first place, the very statute under which the appellant brought the administration proceeding into the district court by removal expressly disaffirms her right to a trial de novo of appellee's claim against the estate, if otherwise entitled thereto. 1941 Comp., § 16-420, so far as material, provides:
"Upon the filing of said petition the district judge may in his discretion issue an order directed to the clerk of the probate court, directing him forthwith to deposit in the office of the clerk of the district court all original papers and records or certified copies of records in the probate court relating to said estate; and thereupon such administration shall be docketed as other causes in the district court and said court shall proceed with the administration of said estate and upon the request ofany interested person shall try de novo any issue upon which theprobate court may have rendered a decision within ninety (90)days prior to the filing of said petition in the districtcourt." (Emphasis ours)
It thus is seen that the very language of the removal statute denies a trial de novo in the district court of the decision of the probate court allowing this claim, if such decision antedates the filing of the petition for removal by more than 90 days. The petition for removal was filed November 12, 1943 and an order of removal was entered on the same day. The order of the probate court allowing appellee's claim was entered on August 8, 1942, more than 15 months prior to the filing of the petition for removal in the district court. Obviously, if the language of the statute means anything, this matter could not be retried.
In the second place, the action of the district court in declining to try anew *Page 169 
the claim of appellee against the estate is sustained as proper by the ground upon which we rested our decision in appeal No. 4873, the companion case. There, we held that under the express language of 1941 Comp. § 33-805, providing that no appeal from an order allowing or rejecting a claim shall be taken or action brought more than twelve months after the first publication of the notice of appointment of an administrator, the appeal sought to be prosecuted by the administratrix and this appellant could not be entertained by the district court. By the same token, a trial de novo upon removal under section 16-419 et seq., must fail. To hold otherwise, would be to allow the appellant a trial de novo on a claim more than two years after the first publication of the notice of appointment of the administratrix and thereby defeat the very purpose of the statute.
It follows from what has been said that the judgment of the trial court is correct and should be affirmed.
It is so ordered.
MABRY, C.J., and LUJAN, J., concur.