316 P.2d 247

J. H. LEAVELL, C. A. Cassady and Emma Cassady, Lewis Pierce, M. C. Roberts and Rosa D. Roberts, C. L. Griffin, Transport Trucking Co. of Texas, George W. Paul, Sid Thomas and Emma Thomas, Georgia Lee Foster, and J. M. Foster, Appellants,

v.

The TOWN OF TEXICO, New Mexico, a Municipal Corporation, Ira S. Levins, as Mayor and Joe Helton, Olan Schleuter, Les Means and J. E. Stone, as Members of the Board of Trustees of the Town of Texico, New Mexico, Juanita Autrey, as Clerk of the Town of Texico, New Mexico, and Mary Taylor, as Assessor of Curry County, New Mexico, Appellees.

No. 6215.

Supreme Court of New Mexico.

Sept. 18, 1957.

Rehearing Denied Oct. 21, 1957.

Smith & Smith, and Fred C. Tharp, Clovis, for appellants.

Hartley & Buzzard, Clovis, for appellees.

LUJAN, Chief Justice.

The town of Texico, New Mexico, defendant-appellee, passed a resolution on February 6, 1956, annexing certain property belonging to plaintiffs-appellants, pursuant to § 14–6–8 of 1953 Compilation, which statute limited the right of appeal to 30 days after the adoption of the resolution. Appellants' complaint was not filed until May 5, 1956. The lower court dismissed the action as barred by the statute of limitation, and appellants prosecute this appeal.

The appellants argue that the statute is unconstitutional, that the municipality and its officers acted fraudulently in not giving the resolution the usual publicity, and that the annexation did not meet the statutory requisites, i. e., contiguity, platting and description.

We must determine if the statute of limitation bars the appellants from bringing this action.

The statute provides:

"In case any territory contiguous on two (2) or more sides to any municipality has been platted into tracts containing five (5) acres or less, and has been substantially built up, and has two (2) or more business or commercial establishments located thereon, and the inhabitants thereof are enabled to secure the benefits of city or town government in police and fire protection, or could be furnished with light and water by said city or town, or un-

der a franchise granted thereby, the governing body of such municipality may by resolution declare such territory to be incorporated into such municipality, and, thereupon, a copy of the resolution, together with a copy of the plat of the territory so annexed shall be filed in the office of the county clerk of the county in which said municipality is situate, and from and after such filing, the said contiguous territory shall be included in and a part of said municipality for all purposes; Provided, however, that any property-owner owning property located within such area feeling himself aggrieved by the action of the council, shall have the right to appeal to the district court by filing his petition praying a review of the council's action within thirty (30) days after the adoption of such resolution by the council. Upon the filing of such petition, the court shall hear the evidence and determine whether the conditions herein set forth exist, and enter its judgment accordingly, and such annexation shall not be effective until the court shall enter its decree approving of such annexation."

■ The constitutionality of a very similar statute setting forth the same general conditions for annexation, but providing for appeal to a Board of Arbitrators was upheld in Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017. This case cited with approval Udall v. Severn, 52 Ariz. 65, 79

P.2d 347, 348, "The power to create and to destroy municipal corporations, and to enlarge or diminish their boundaries is universally held to be solely and exclusively the exercise of legislative power." Such statutes are to be liberally construed in favor of the municipality. 2 McQuillan Municipal Corporations, 3d Ed., § 714, p. 290, and every reasonable presumption is given to the validity of the municipality's action. Hughes v. City of Carlsbad, 53 N.M. 150, 203 P.2d 995.

■ The appellants next argue that there was fraud on behalf of the city and its officials in not giving the resolution the usual publicity. However, the statute does not make notice a requirement but provides that the statute shall begin to run upon the passage of the resolution. Statutes may provide for annexation without notice. 2 McQuillin, Municipal Corporations, 3d Ed., § 7.35, p. 357. Even if notice were required, the appellants had a duty to keep informed as to what was being done or left undone by the municipality and recorded actions of the city provide constructive notice. Freeman v. Town of Gallup, 10 Cir., 152 F.2d 273.

Although the statute provides that certain conditions, i. e., contiguity, platting and description, must be met before annexation, the statute further provides that a determination of the existence of these conditions can be had only if an appeal is taken within 30 days. Therefore, although

the statute limits the annexing power of a municipality it also limits the right of appellant to challenge the exercise of this power.

In the cases cited by appellants the statutes involved either did not provide a statutory time for appeal or appeal was taken within the statutory period, and such cases are of no help to us.

 Where a statute limits the time for appeal from municipal acts the action is barred if not brought within that period (62 C.J.S. Municipal Corporations § 65, p. 176), and a statutory remedy is exclusive (62 C.J.S. Municipal Corporations § 65 c, p. 177). The statute in prescribing a time for appeal gave the appellants an adequate remedy, and they can not be heard to complain if they did not take advantage of that remedy.

Section 23–1–17 of 1953 Compilation provides that where a statute limits the time for bringing an action that limitation is binding upon the courts so that if the action is not brought within that period the court has no jurisdiction. Mann v. Gordon, 15 N.M. 652, 110 P. 1043; In re Levers' Estate (Dale v. Houston), 49 N.M. 166, 159 P.2d 759.

This statute provides absolutely that the statute of limitations begins to run upon the passage of the resolution by the municipality. The resolution was passed on February 6, 1956, and became a matter of public record when filed on February 18, 1956.

This action was not filed until May 5, 1956, almost three months after the resolution had been passed and two months after the statutory time for appeal had elapsed. Appellants are foreclosed from bringing their action. The action was properly dismissed for lack of jurisdiction and the judgment of the lower court should be affirmed.

It is so ordered.

SADLER, McGHEE, and COMPTON, JJ., concur.

KIKER, J., absent from the state, not participating.