SCHURMAN *v.* CITY OF HOLLAND.

1. Equity—Jurisdiction—Invalidation of Annexation Proceedings—Time.

Bill to invalidate proceedings to annex territory to home-rule city was properly dismissed as not conferring equitable jurisdiction, where more than 30 days had elapsed after election before bill was filed and statute provided an adequate legal remedy for judicial determination of questions sought to be litigated and no valid excuse is set forth for not acting within legal time (CL 1948, §§ 638.27–638.30).

2. Costs—Annexation.

No costs are allowed in suit to invalidate proceedings to annex township territory to a home-rule city.

Appeal from Allegan; Robinson (Thomas N.), J., presiding. Submitted January 14, 1959. (Docket No. 65, Calendar No. 48,031.) Decided February 19, 1959. Rehearing denied April 13, 1959.

Bill by John H. Schurman and others against the City of Holland, a municipal corporation, and various individuals in their official capacities, to determine annexation proceedings invalid. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Leo W. Hoffman* and *Frederick D. McDonald,* for plaintiffs.

*James E. Townsend,* for defendant City of Holland.

---

References for Points in Headnotes

[1] 37 Am Jur, Municipal Corporations § 25.
[2] 37 Am Jur, Municipal Corporations § 23 *et seq.*

*Ten Cate & Townsend,* for individual defendants.

PER CURIAM.   Plaintiffs' bill attacks certain annexation proceedings, same having been pursued to elective conclusion under authority of sections 6 and 13 of the so-called home-rule act, PA 1909, No 279, as last amended, respectively, by PA 1957, No 210 and PA 1956, No 77 (CL 1948, § 117.6, as amended, CLS 1956, § 117.13 [Stat Ann 1957 Cum Supp §§ 5.2085, 5.2092]).   The bill was dismissed below on motion of defendants.   Plaintiffs appeal.

The annexation elections were held June 5, 1958. By the processes thereof an affirmative vote was recorded, in the township and city respectively, favoring annexation of some 3,120 acres of land, situated in Allegan county's Fillmore township, to the defendant city of Holland.   The proceedings proper are not attacked excepting as noted herein.

We accept for reviewable purposes plaintiffs' outline of the allegations of their bill.   Such outline follows:

"Plaintiffs, 69 in number, residing in said described territory, representing the ownership of 39 parcels of land in said territory ranging in size from 1 residence situated on a farm to 1 farm of 98 acres, totalling 1,500 acres, brought suit in equity on the 1st day of August, 1958, alleging that all of the land owned by plaintiffs was unplatted farm land used exclusively for agricultural purposes, was not municipal in character and was incapable of being benefited by municipal improvements.   Plaintiffs' bill of complaint alleges that their property was included in the annexed area *for the sole purpose of increasing the tax revenue of the city* of Holland with no prospect of plaintiffs receiving corresponding benefits.

"Plaintiffs allege that the proceedings taken to annex their lands were unreasonable, dictatorial and arbitrary and unconstitutional in that such proceed-

ings deprived them of their property without due process of law in violation of section 16, article 2, Constitution of the State of Michigan (1908), and section 1, article 14, Constitution of the United States.[*]

"Plaintiffs alleged that the proceedings to annex their land to the city of Holland were unconstitutional in that such proceedings constituted an unlawful delegation of legislative power and that the exercise of such legislative power by the defendants and others in determining and fixing the area to be annexed to the city of Holland was arbitrary, unreasonable and unconstitutional.

"Plaintiffs alleged that an election for the annexation of said territory and additional territory was held November 19, 1957. That at said election the proposition of annexation was defeated by the electors, that thereafter the defendants and others publicly announced that Holland high school would not accept students from Fillmore township unless there was a political annexation, and that the defendants and others, acting in concert, arbitrarily fixed and determined the area of said described area without regard as to whether or not said area was metropolitan in character, fixed said boundary to be annexed so as to secure a favorable majority within said area and fixed said boundary of said area to be annexed for the sole purpose of securing tax revenue from unplatted, agricultural farm lands without regard to the character of said lands.

"Plaintiffs alleged that the petitions circulated for annexation were defective in that the signatures on said petitions were not followed by a description of the land and area represented by said signature and further that said petitions were defective in that they did not contain or were not accompanied by a sworn statement giving the total area of the land, exclusive of streets lying within the area proposed to be annexed."

---

[*] Reference is obviously to Fourteenth Amendment.—Reporter.

The motion to dismiss assigned, as principal ground of dismissal, that plaintiffs had failed to proceed as authorized by sections 27 through 30 of chapter 38 of the judicature act of 1915, as amended (CL 1948, §§ 638.27–638.30 [Stat Ann §§ 27.2341–27-.2344]). The 4 sections read respectively as follows:

"Sec. 27. Informations under this chapter may be filed by the prosecuting attorney of the proper county, on his own relation, or that of any citizen of the county, without leave of the court, or, by any citizen of the county by special leave of the court or a judge thereof.

"Sec. 28. A petition may be filed in the circuit court of any county of this State whenever it shall be made to appear that material fraud or error has been committed at any election in such county at which there shall have been submitted any constitutional amendment, question, or proposition to the electors of the State or any county, township or municipality thereof.

"Sec. 29. Such petition shall be filed within 30 days after such election by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof. Such petition shall be filed against the municipality wherein such fraud or error is alleged to have been committed.

"Sec. 30. After the filing of such petition the procedure shall conform as near as may be to that provided by law for informations in the nature of quo warranto."

Noting that more than 30 days had elapsed between the date of said elections and the filing of plaintiffs' bill, and considering the conceded fact that no petition or information in pursuit of the quoted statutory provisions had been filed by anyone, the circuit judge held that the statute provided an

adequate remedy for judicial determination of the questions plaintiffs would litigate by their bill. On such premise the judge found that the bill failed to confer equitable jurisdiction and, further, that the bill could not be regarded as a substitute for *quo warranto* as statutorily provided.

Reading plaintiffs' bill in the light of such statutory procedure, we are obliged to agree. The bill discloses no ground for intervention of equity and fails to disclose inadequacy of the legal remedy. It presents no question other than such as might have been submitted and litigated, had the legal proceeding been instituted on time, according to the statute. The statute evidences fair intent that the concerned inhabitants as well as duty-charged public officials be timely informed whether, from a finally-settled legal standpoint, the affected territories do or do not unitedly constitute 1 municipal corporation. Holding to these views, we are not disposed on impetus of plaintiffs' said bill to rule other than that plaintiffs were possessed of a due and fully adequate remedy at law, which remedy they without valid excuse did not seek in legal time.

Affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.