497 P.2d 644

**Mabel S. JOHNSON et al., Plaintiffs and Respondents,**

v.

**SANDY CITY CORPORATION, Defendant and Appellant.**

**No. 12592.**

Supreme Court of Utah.

May 24, 1972.

Robert D. Crofts, Salt Lake City, for defendant-appellant.

Myrna Mae Nebeker, Salt Lake City, for plaintiffs-respondents.

CROCKETT, Justice:

Defendant Sandy City appeals from a judgment of the district court which declares void a purported annexation of lands contiguous to its western boundary.

Plaintiff Mabel Johnson initiated this proceeding (which she characterized as quo warranto)[1] seeking an adjudication that the purported annexation of four tracts of land lying west of Sandy City was void because it had not been done in compliance with the law. The parties agreed to limit the proceedings to one tract, upon the assumption that the adjudication would be the same as to all four.

Under our law cities and towns are political subdivisions of the State and their powers are to be found in the statutes

1. Rule 65B(a). U.R.C.P., has abolished the special forms as to particular writs.

which create them.[2]  It is generally said that they have only those powers expressly so given, or those which are necessarily or fairly implied therefrom as essential to carrying out the objectives and responsibilities imposed by law.[3]  The statute applicable to the controversy here involved is Sec. 10-3-1, U.C.A. 1953:

> Annexation of contiguous territory.— Whenever a majority of the owners of real property and the owners of not less than one-third in value of the real property, as shown by the last assessment rolls, in territory lying contiguous . . . shall desire to annex such territory to such city or town, they shall cause an accurate plat or map of such territory to be made . . ., and a copy . . . shall be filed in the office of the recorder or town clerk . . . together with a petition in writing . . ; and the board of city commissioners or the city council . . . at the next regular meeting thereof shall vote upon the question of such annexation.  If two-thirds . . . vote for such annexation, an ordinance shall be passed, declaring the annexation . . .. *A copy of the map or plat duly certified shall at once be filed in the office of the county recorder, together with a certified copy of the ordinance declaring such annexation, and thereupon such annexation shall be deemed complete, . . ..* [Emphasis added.]

Plaintiff's attack upon the purported annexation is based upon the failure of the City to file a certified copy of the ordinance with the county recorder.  Certain proceedings relating to the annexation took place early in 1968.  On March 26, a plat of the land in question was so filed.  Although some representation was made to the court that an ordinance of annexation accompanied it, there is no indication that it was so received and recorded.  It was not until June 9, 1971, after the lapse of more than three years, and four months after the commencement of this action, that such an ordinance was presented to and filed with the county recorder.

■ It is the position of the defendant, Sandy City, that the filing of the ordinance, even though belated, constituted a substantial compliance with the statute and that the delay was not fatal to the annexation.  We are cognizant of the authorities cited to the effect that liberality should be indulged in regard to public authorities complying with such statutes, and especially

---

2.  See Art. XI, Sec. 5, Utah Constitution, relating to creation of cities and towns by the legislature.

3.  See Salt Lake City v. Revene, 101 Utah 504, 124 P.2d 537; Ritholz v. City of Salt Lake, 3 Utah 2d 385, 284 P.2d 702, and authorities therein cited.

4.  Leavell v. Town of Texico, 63 N.M. 233, 316 P.2d 247; Incorporated Town of Windsor Heights v. Colby, 249 Iowa 802, 89 N.W.2d 157.

where there is no showing that anyone's rights have been adversely affected;[4] and also that the statute does not specify any particular number of days within which the ordinance must be filed with the county recorder. However, where no definite time is specified for an act to be done the usual rule is that it is required to be done at least within a reasonable time under the circumstances.

It is to be assumed that the legislature had some purpose in setting forth the conditions and prescribing the procedure to be followed in connection with the grant to the city of authority to annex territory; and this includes the provision that the ordinance shall be filed "at once" after it is passed. This would seem to indicate that time is a consideration and an intention that it should be done as expeditiously as reasonably practicable under the circumstances. We see no reason to disagree with the view adopted by the trial court that the failure to file for over three years, and not until this action had been commenced to challenge that impropriety, did not meet the standard of substantial compliance with the requirements of the statute.[5]

Affirmed. Costs to plaintiff (respondent).

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

5. That there must be compliance with statutory procedure to complete annexation, see Jensen et al. v. Bountiful City, 20

Utah 2d 159, 435 P.2d 284; Peterson v. Bountiful City, 25 Utah 2d 126, 477 P.2d 153.