## No. 25861

The City and County of Denver, State of Colorado, a municipal corporation; The City Council of The City and County of Denver, State of Colorado; and The Board of County Commissioners of the City and County of Denver, State of Colorado v. The District Court, in and for The County of Jefferson, and State of Colorado, and Honorable Daniel J. Shannon, Judge thereof, and The District Court in and for the City and County of Denver, State of Colorado, and Honorable Edward J. Byrne, Judge thereof

(509 P.2d 1246)

Decided May 14, 1973.                    Rehearing denied June 4, 1973.

Max P. Zall, City Attorney, Herman J. Atencio, Assistant, David J. Hahn, for petitioners.

Patrick R. Mahan, County Attorney, County of Jefferson, George J. Robinson, of Special Counsel, for respondents.

MR. JUSTICE LEE delivered the opinion of the Court.

In this original proceeding we issued our rule to show cause why the district court of Jefferson County and the

Honorable Daniel J. Shannon, Judge thereof, should not be prohibited from proceeding further in civil action No. 41244, entitled, The Board of County Commissioners of the County of Jefferson, State of Colorado, versus The City and County of Denver, State of Colorado; and The Board of County Commissioners of the City and County of Denver, State of Colorado. The matter is now at issue and, having considered the merits of the controversy, we make the rule absolute.

By its complaint the Board of County Commissioners of Jefferson County (Jefferson County) sought to have declared unconstitutional the Municipal Annexation Act of 1965 (1965 Perm. Supp., C.R.S. 1963, 139-21-1 *et seq.*), and to have declared null and void ordinance No. 332, series of 1972, of the City and County of Denver, which was enacted pursuant to the annexation act.

Petitioners filed their motion to dismiss which, among other grounds, attacked the jurisdiction of the county to proceed, inasmuch as the annexation statute by its terms barred review of annexation proceedings unless commenced within forty-five days from the effective date of the annexation ordinance. 1965 Perm. Supp., C.R.S. 1963, 139-21-15(2). The record is clear that the annexation ordinance in question became effective July 28, 1972. The action attacking the ordinance and the constitutionality of the statute was not commenced until October 17, 1972, sixty-four days after the effective date of the ordinance.

The trial court denied the motion to dismiss. The court reasoned that, for the purposes of the motion to dismiss, the allegations of unconstitutionality must be admitted as true; *ergo,* the entire Municipal Annexation Act of 1965 must fall, including the specific forty-five-day limitation imposed by section 139-21-15(2). The court then concluded that "* * * The only valid annexation statutes in the state of Colorado would be those enacted prior to the 1965 Municipal Annexation Act." The prior annexation statute granted an aggrieved person ninety days in which to seek judicial review. C.R.S. 1963, 139-10-6. We disagree with the trial court's ruling.

■ We view Jefferson County's argument supporting its out-of-time challenge of the annexation ordinance as obviously fallacious. The major premise — that the allegations of the complaint must be accepted as true for the purposes of a motion to dismiss — had no application to the grounds for dismissal upon which the motion was predicated: that the court was precluded from accepting jurisdiction by reason of a procedural bar. The matter of concern was not whether the complaint stated a claim upon which relief could be granted, but rather whether by reason of the time limitation the action could in any event be brought.

■ In *Ft. Col. Wtr. Dist. v. Ft. Collins,* 174 Colo. 79, 482 P.2d 986, we held the forty-five-day time limitation in the Municipal Annexation Act to be jurisdictional. If an action is not brought within that time, the court has no jurisdiction to entertain the action. Annexation is a legislative function and it is within legislative competence to prescribe who may challenge annexation proceedings, and within what time limits a challenge must be made. *Ft. Col. Wtr. Dist., supra; City of Danville v. Wilson,* 395 S.W.2d 583 (Ct. App. Ky.). Implicit in the forty-five-day time limitation imposed by our statute is a recognition of the desirability that municipal boundary lines be expeditiously and finally determined in order that the responsibility for providing municipal services and the applicability of municipal ordinances and regulations may be known to those affected, thus promoting "orderly growth of urban communities." *See Declaration of Purpose,* section 139-21-2.

Similar interpretations in other states where time limitations have been imposed, barring attacks on annexation proceedings, are found in *City of Danville v. Wilson, supra; Grice v. Mayor,* 164 So. 2d 370 (Ct. App. La.); *Schurman v. City of Holland,* 355 Mich. 406, 94 N.W.2d 808; *Gaskill v. Costlow,* 270 N.C. 686, 155 S.E.2d 148; *Leavell v. Town of Texico,* 63 N.M. 233, 316 P.2d 247.

The trial court erred in denying the motion to dismiss. The cause is therefore remanded with instructions to dismiss the action.

The rule is made absolute.
MR. CHIEF JUSTICE PRINGLE concurs in the result.
MR. JUSTICE GROVES dissents.
MR. JUSTICE DAY does not participate.

MR. JUSTICE GROVES dissenting:
I respectfully dissent. If the Act is wholly void, then there is no forty-five-day limitation. Further, I doubt the constitutionality of this time limitation as applied to raising questions of constitutionality of the Act.