**SALT LAKE CITY, a Municipal Corporation of the State of Utah, and Murray City, a Municipal Corporation of the State of Utah, Plaintiffs and Respondents,**

v.

**SALT LAKE COUNTY, a body corporate and politic of the State of Utah, Delmar L. Larson, Sheriff of Salt Lake County, W. Sterling Evans, Clerk of Salt Lake County, Defendants and Appellants.**

**No. 14422.**

Supreme Court of Utah.

Aug. 8, 1977.

---

Roger F. Cutler, Salt Lake City Atty., Greg R. Hawkins, Asst. Salt Lake City Atty., Salt Lake City, Merril G. Hansen, Murray City Atty., H. Craig Hall, Asst. Murray City Atty., Murray, for defendants and appellants.

R. Paul Van Dam, Salt Lake County Atty., Ralph D. Crockett, Deputy County Atty., Donald Sawaya, Asst. Salt Lake County Atty., Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Salt Lake City brought this action for a declaratory judgment that it is exempt from payment of filing fees to the County Clerk and fees for service of process by the County Sheriff. From a judgment so declaring the County appeals.

Ever since the statute quoted below was enacted, in 1898,[1] the County Clerk and Sheriff have not charged the State or its subdivisions, including cities, for the filing of suits or the service of process. But an issue arose in 1975 when, pursuant to the County Attorney's opinion, the Salt Lake County Clerk and Sheriff initiated a policy of charging the City such fees.

The governing statute is now Section 21–7–2, U.C.A.1953, which provides, in pertinent part:

> The state and county officers mentioned in this title shall not in any case perform any official service unless the fees prescribed for such service are paid in advance, . . . provided, that no fees shall be charged the state, or any county or subdivision thereof, or any public officer acting therefor . . . .. [Emphasis added.]

The County first contends that the phrase "or subdivision thereof" modifies only the immediate antecedent "county;" and that a city is not a subdivision of a county, wherefore it is not exempt from the payment of such fees. The County also argues the alternative proposition: that in any event, a city is not a subdivision of the state, so that even if the phrase exempting a "subdivision thereof" modifies "state," the City is still not exempt.

■ To eliminate the last argument first: there can be no question but that both counties and cities are subdivisions of the state.[2]

■ Of more plausibility is the County's invocation of the rule of construction known as the "last antecedent" rule, whereby qualifying words and phrases are generally regarded as applying to the immediately preceding words, rather than to more remote ones.[3]

1. R.S.U.1898, Chap. 7, Sec. 1016.

2. As to counties, see Art. XI, Sec. 1, Utah Const.; 56 Am.Jur.2d Municipal Corporations, Section 17; *Cottonwood City Electors v. Salt Lake County Board of Commissioners,* 28 Utah 2d 21, 499 P.2d 270; as to Cities see *Johnson v.*

*Sandy City,* 28 Utah 2d 22, 497 P.2d 644 (1972); also, 56 Am.Jur.2d—Municipal Corporations, Sec. 23; 62 C.J.S. Municipal Corporations § 3.

3. See *In re Goldsworthy's Estate,* 45 N.M. 406, 115 P.2d 627 (1941).

■ We have no doubt of the correctness of that rule of construction as a generality, if applied in appropriate circumstances. But helpful as rules of construction often are, they are useful guides, but poor masters; and they should not be regarded as having any such rigidity as to have the force of law, or distort an otherwise natural meaning or intent.[4] Their only legitimate function is to assist in ascertaining the true intent and purpose of the statute.[5]

■ When applied with that objective, it will be seen that the so called "last antecedent" rule is not necessarily limited to the one term immediately preceding, but if there are several preceding terms of the same character, it may modify all of such terms, if the natural and sensible meaning of the wording so requires. E. g., a reference to horses, cattle, sheep, or any of their young, would not mean only the lambs of the sheep, but would mean the young of all three classes, colts, calves and lambs. .

■ This is in harmony with another sound and helpful rule of construction known as noscitur a sociis (known from its associates).[6] It would teach that the phrase, "or subdivision thereof" following the words "the state, or any county" should be taken to mean public entities of similar character; and thus a subdivision of either the state or any county.

■ An even more fundamental rule of statutory interpretation helpful here is that the statute should be looked at in its entirety and in accordance with the purpose which was sought to be accomplished.[7] It is obvious that the general purpose of the provision under scrutiny is to exempt tax supported public entities and officers from charging each other fees for services rendered in performing their public duties.

We are concerned with four classes of such public entities: A, the state; B, any subdivisions thereof; C, counties; and D, any subdivisions thereof. Under the contention of defendant: A, the state, and C and D, the county and its subdivisions, would be exempt from fees, but B, subdivisions of the state, would have to pay fees. We can see no reason why the legislature would have intended any such lack of uniformity as to have some public entities pay fees while exempting others. It would be even less logical to think that the intent was to exempt the county and its subdivisions, but that the subdivisions of the more important entity, the state, should be required to pay such fees.

■ We are in accord with the approach to this problem followed by the trial court in determining the law to be as it has been interpreted and applied for so many years: that inasmuch as the purpose of the statute is to exempt public entities from the payment of such fees, and that the state and its subdivisions are of the same character as the county and its subdivisions, the natural and reasonable meaning of the statute, consistent with its purpose, is that in the provision, " . . . that no fees shall be charged the state, or any county or subdivision thereof . . ." the phrase, "or subdivision thereof" refers back to and modifies both the state and county, and thus exempts each of them and their subdivisions from the payment of such fees.

■ The foregoing sufficiently resolves the problem presented here. Nevertheless, we further observe that the correctness of the trial court's decision also finds support in this additional proposition: that in case of any uncertainty or ambiguity in a statute, a reasonable administrative interpretation and practice should be given some

4. *Rio Grande Motor Way, Inc., etc. v. Public Service Comm.*, 21 Utah 2d 377, 445 P.2d 990.

5. Id.

6. *Heathman v. Giles*, 13 Utah 2d 368, 374 P.2d 839 (1962); *Perris v. Perris*, 115 Utah 128, 202 P.2d 731 (1949).

7. See Sutherland, Statutory Construction, Sec. 5002 (3rd Ed. 1943); and *State Land Board v. State Department of Fish and Game*, 17 Utah 2d 237, 408 P.2d 707.

weight.[8] And this is particularly true when such an administrative interpretation and practice has persisted for a long time without any legislative correction or change.[9]

As we have observed in other fields of the law, if there is to be any abrupt about-face in policy, that should be done by the legislature,[10] rather than by the county officials acting in the self-interest of the county.

On the basis of our discussion herein it is our conclusion that the plaintiff City, as a subdivision of the state, is entitled to the benefit of the statute in question, exempting it from payment of fees to the County Clerk and Sheriff.

Affirmed. No costs awarded.

ELLETT, C. J., MAUGHAN and WILKINS, JJ., and ERNEST F. BALDWIN, Jr., District Judge, concur.

HALL, J., does not participate herein.

8. *Kennecott Copper Corp. v. Anderson,* 30 Utah 2d 102, 514 P.2d 217 (1973).

9. *Keller v. Thompson,* Hawaii, 532 P.2d 664 (1975); *Schlagel v. Hoelsken,* 162 Colo. 142, 425 P.2d 39 (1967).

10. *Davis v. Provo City,* 1 Utah 2d 244, 265 P.2d 415; *Hurst v. Highway Dept.,* 16 Utah 2d 153, 397 P.2d 71.