**WELLS FARGO ARMORED SERVICE CORPORATION, Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION OF UTAH, Milly O. Bernard, Chairman, David R. Irvine and Kenneth Rigtrup, Commissioners of the Public Service Commission of Utah, and Brinks, Inc., Defendants.**

No. 16862.

Supreme Court of Utah.

Feb. 11, 1981.

Mark K. Boyle, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Arthur A. Allen, Jr., Asst. Atty. Gen., Calvin L. Rampton, Salt Lake City, for Brinks.

James S. Lowrie, Gregg I. Alvord, Salt Lake City, for defendants.

STEWART, Justice:

This is a review of the Public Service Commission's order granting Brink's, Inc., an exemption from regulation by the Commission. The exemption is claimed pursuant to § 54–6–12(f), Utah Code Ann. (1953), as amended, which provides that the requirements of Chapter 6, Title 54, U.C.A. 1953, do not apply:

To motor vehicles when especially constructed for towing, wrecking, maintenance, or repair purposes, and not otherwise used in transporting goods and merchandise for compensation; or when constructed as armored cars and used for the safe conveyance or delivery of money or other valuables, or when used as hearses, ambulances, or licensed taxicabs, operating within a fifteen mile radius of the limits of any city or town; or to motor vehicles used as ambulances or hearses by any person, firm or corporation duly licensed in the state as an embalmer, funeral director, or as a mortuary establishment, provided that use of such motor vehicles as an ambulance shall be incidental to the use of embalming or funeral directing.

Brinks, an armored car company, argues that the subsection is unclear as to the types of motor vehicles included within the fifteen mile restriction, but proposes that rules of statutory and grammatical construction limit the fifteen mile provision to hearses, ambulances and taxicabs. Plaintiff Wells Fargo Armored Service Corporation, which filed with the Commission a motion to dismiss the application for exemption, argues that the statute is clear and that the restriction applies to armored cars as well. It is noteworthy, however, that Wells Fargo had, in an earlier appearance before the Commission, contended that the statute was unclear.

The Commission in this case reached the conclusion that the meaning of subsection (f) was ambiguous. To resolve the ambiguity, the Commission applied the "last antecedent" rule and determined that the fifteen mile restriction applied only to hearses, ambulances, and taxicabs. Accordingly, Brinks was granted a statewide exemption.

■ We certainly do not dispute the Commission's conclusion that subsection (f) is ambiguous. The use of the comma directly following the word "valuables" results in a less than clear meaning as to the restriction under review. Of course it is always the ultimate responsibility of this Court to interpret the terms of a statute to effectuate legislative intent. Nevertheless, some deference is due interpretation of a statute placed on it by the administrative agency which has the responsibility for administering that statute. In *Colman v. Utah State Land Board*, 17 Utah 2d 14, 19, 403 P.2d 781, 784 (1965), this Court stated:

> [B]ecause of its experience and presumed expert knowledge in its field, an administrative interpretation and application of a statute, although not necessarily controlling, is generally regarded as prima facie correct and not to be overturned so long as it is in conformity with the general objectives the agency is charged with carrying out, and there is a rational basis for it in the provisions of law. [Footnote omitted.]

See also *Kennecott Copper Corp. v. Anderson*, 30 Utah 2d 102, 514 P.2d 217 (1973); *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

This is not to say that this Court will automatically approve administrative constructions, *Lake Shore Motor Coach Lines, Inc. v. Welling*, 9 Utah 2d 114, 117, 339 P.2d 1011, 1013 (1959). The Court stated in *McPhie v. Industrial Commission*, Utah, 567 P.2d 153, 155 (1977):

> The time honored rule of law is that the construction of statutes by governmental agencies charged with their administration should be given considerable weight—however, if it is made clearly to appear that a statute has been misconstrued or misapplied it is the duty of the court to correct the same. [Footnote omitted.]

■ The words of the statutory provision and the statutory policy embodied therein assist in ascertaining that meaning. Resort to principles of statutory construction provide some guidance in the endeavor. In reaching its conclusion, the Commission relied on the "last antecedent" rule of statutory construction. The rule provides in general terms that when there is a modifier following a series of nouns, the modifier will apply only to the immediately prior antecedent, which in this case has the effect of excluding armored vehicles from regulation. In addition, the Commission concluded that armored cars were not subject to

regulation because: (1) the operation of an armored car service is of a fundamentally different character than that of hearses, ambulances or taxicabs; (2) the potential customers of armored car services are in a strong bargaining position vis-a-vis those services; and (3) the fifteen mile radius limitation makes more sense in the case of hearses, ambulances and taxicabs, as those carriers are frequently the subject of regulation by local jurisdictions. The result reached by the Commission is not erroneous.

The order of the Public Service Commission is affirmed.

No costs awarded.

CROCKETT, J.,* and R. L. TUCKETT, Retired Justice, concur.

MAUGHAN, C. J., does not participate herein; R. L. TUCKETT, Retired Justice, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

HALL, Justice: (dissenting).

The statute in question[1] exempts from regulation

> ... motor vehicles when specially constructed ...; or when constructed as armored cars and used for the safe conveyance or delivery of money or other valuables, or when used as hearses, ambulances, or licensed taxicabs, operating within a fifteen mile radius of any city or town;

> .    .    .    .    .

I am of the opinion that application of the so-called "last antecedent" rule to the foregoing statutory phrase serves to subvert rather than to clarify the Legislature's intent in its enactment.[2]

Notwithstanding any distinction the Commission or this Court might draw between armored cars, hearses, ambulances and taxicabs, the unalterable fact remains that the Legislature, whose prerogative it is, has not seen fit to do so. On the contrary, the statute sets forth the vehicles in a single phrase, in series, separated only by commas, and thus categorizes them as a single class. Had it been the intention of the Legislature to separately categorize armored cars, its insertion of a semicolon, rather than a comma, following the recitation thereof would then have conveyed such an intent.

It is not the prerogative of this Court to presume error in legislative enactments, nor to distort or defeat the intent of legislation by altering the punctuation contained therein. Particularly is this so when, as here, a reasonable basis exists to interpret the act as drafted. Yet, the main opinion presumes such error, and imposes its own punctuation in order to sustain the Commission's order.[3]

In addition, it is to be observed that the Commission is charged with the duty of regulating all common carriers.[4] Consequently, any ambiguity found to exist in any exempting provisions[5] are to be reconciled in favor of the general policy it is to regulate. In the face of ambiguity as to exemption, it appears the better judicial course would be to decide in favor of the expressed mandate of regulation rather than an unclear exemption.

I would vacate the order of the Commission which grants a statewide exemption to Brinks, Inc.

---

\* CROCKETT, J., concurred in this case before his retirement.

1.  U.C.A.1953, 54-6-12(f).

2.  The rule has apparently never been applied in this jurisdiction, but its applicability, under appropriate circumstances, was discussed in *Salt Lake City v. Salt Lake County*, Utah, 568 P.2d 738 (1977).

3.  It is of note that such order represents a complete departure from prior statutory interpretation since at all times prior hereto the Commission has required the regulation of armored cars, and plaintiff herein is presently so regulated.

4.  U.C.A.1953, 54-6-2 and 54-6-4.

5.  Supra, footnote 1.