1999 UT 28

**Lois Rebecca DAY, Plaintiff and Appellant,**

v.

**Steven MEEK, M.D., General Hospitals of Galen, Inc., a Utah corporation, dba Davis Hospital, and Does I–X, Defendants and Appellees.**

No. 970562.

Supreme Court of Utah.

March 30, 1999.

Michael A. Katz, Deven J. Coggins, Mitchell R. Jensen, Murray, for Day

Philip R. Fishler, R. Scott Williams, Catherine M. Larson, Salt Lake City, for Meek

David Slagle, Salt Lake City, for Davis Hospital

RUSSON, Justice:

¶1    Plaintiff Lois Rebecca Day appeals from a summary judgment dismissing her malpractice action.  According to Day's complaint, defendants Dr. Stephen Meek and Davis Hospital negligently left a sponge inside her body after surgery.  The district court held that the relevant statute of limitations required Day to bring notice of her action within one year of discovery[1] of the malpractice.  Because Day filed notice more than one year after she discovered the sponge, the court ruled that her claim was time-barred by the statute.  Because we conclude the district court improperly construed the statute of limitations, we reverse.

## BACKGROUND

¶2    On or about September 28, 1994, Day underwent surgery to remove an ovarian cyst.  Her gynecologist, Dr. Meek, performed the surgery at Davis Hospital.  Thereafter, Day complained that she was experiencing unusual pain and discomfort.  She returned to Dr. Meek for follow-up visits on several occasions.  On December 22, 1994, Dr. Meek discovered a sponge in Day's vaginal cavity and removed it.  A few days later, Day was admitted to the University of Utah Hospital, where doctors determined that Day was suffering from toxic shock syndrome.  The admitting form at University Hospital indicated that Day was aware Dr. Meek had removed the sponge on the 22nd.[2]

¶3    Day filed her notice of intent to commence action on January 8, 1996, slightly more than one year after she discovered Dr. Meek had left a sponge inside her.  The Division of Occupational and Professional Licensing conducted a panel hearing and issued a certificate of compliance with the prelitigation review requirements of Utah Code Ann.

---

1.  As generally employed in this opinion, "discovery" is a short-hand term referring to either the actual discovery of negligence or the point in time where negligence should have been discovered "through reasonable diligence," as described in Utah Code Ann. § 78–14–4(1) (1996) and subsections (a) and (b) of that statute.

2.  In her brief on appeal, Day initially asserted that Dr. Meek had failed to inform her of the presence of the sponge when he removed it during the December 22 examination and that she

was unaware of the sponge until a phone conversation with Dr. Meek in February of the following year.  However, she did not properly assert this critical fact below in her opposition to the motion for summary judgment.  Consequently, she failed to frame her assertion as a disputed issue of material fact.  Moreover, when confronted with the University Hospital admitting form, her counsel effectively abandoned the assertion of nondiscovery in oral argument before this court.

§ 78–14–12. Neither Dr. Meek nor Davis Hospital raised any issue relating to the statute of limitations before the panel.

¶ 4 After Day commenced her suit in the district court, Dr. Meek and Davis Hospital defended by asserting that Utah Code Ann. § 78–14–4(1)(a) (1996) prescribes a one-year statute of limitations for any malpractice action where the source of injury is a foreign object left inside the body. Day countered that subsection (a) is not an independent statute of limitations for foreign object cases. Instead, she contended, subsection (a) either is a tolling provision of the general two-year statute of limitations for medical malpractice actions or should be read as a narrow exception to the medical malpractice four-year statute of repose. Day also asserted that Dr. Meek and Davis Hospital are estopped from arguing the limitations statute because they failed to raise that issue before the prelitigation panel. The district court rejected both of Day's arguments and held that Day's suit was time-barred. This appeal followed.

## DISCUSSION

¶ 5 This case turns on our interpretation of Utah Code Ann. § 78–14–4(1) (1996). That section provides a general two-year statute of limitations for malpractice actions and a four-year statute of repose, followed by two designated exceptions for the special circumstances of foreign objects and fraudulent concealment. It reads:

(1) No malpractice action against a health care provider may be brought unless it is commenced *within two years* after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered[,] the injury, whichever first occurs, but *not to exceed four years* after the date of the alleged act, omission, neglect or occurrence, *except that:*

(a) In an action where the allegation against the health care provider is that *a foreign object has been wrongfully left within a patient's body,* the claim shall be barred unless commenced *within one year* after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered, the ex-

istence of the foreign object wrongfully left in the patient's body, whichever first occurs; and

(b) In an action where it is alleged that a patient has been prevented from discovering misconduct on the part of the health care provider because that health care provider has affirmatively acted to fraudulently conceal the alleged misconduct, the claim shall be barred unless commenced within one year after the plaintiff or patient discovers, or through the use of reasonable diligence, should have discovered the fraudulent concealment, whichever first occurs.

Utah Code Ann. § 78–14–4(1) (emphasis added).

■ ¶ 6 "When we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Evans v. State,* 963 P.2d 177, 184 (Utah 1998) (citing *Sullivan v. Scoular Grain Co. of Utah,* 853 P.2d 877, 880 (Utah 1993)). Before treating any other source, we rely first on the statute's plain language. *See Schurtz v. BMW of N. Am., Inc.,* 814 P.2d 1108, 1112 (Utah 1991). If, on the other hand, "we find a provision ambiguous, which causes doubt or uncertainty as to its meaning or application, we must analyze the act in its entirety and 'harmonize its provisions in accordance with the legislative intent and purpose.'" *Evans,* 963 P.2d at 184 (quoting *Beynon v. St. George–Dixie Lodge # 1743,* 854 P.2d 513, 518 (Utah 1993)). "Statutory language is ambiguous if it can reasonably be understood to have more than one meaning." *Evans,* 963 P.2d at 184.

¶ 7 Dr. Meek and Davis Hospital assert that subsection (a) functions as a distinct statute of limitations applicable to all cases of malpractice involving foreign objects left within a patient's body. They maintain that subsection (a)'s one-year limitations period bars Day's claims because she filed her notice of claim slightly more than a year after she discovered the cause of her injury. Day, however, contends that subsection (a) does not operate as a distinct period of limitation,

but rather functions as a "tolling" provision[3] or as an exception to the four-year repose period.

¶ 8 Thus, the parties assert differing views of subsection (a) as it relates to the preceding paragraph in section 78–14–4(1). The first paragraph sets forth two time limitations for bringing suit for medical malpractice: a general two-year statute of limitations (running from the time of discovery), and a four-year repose period (running from the time of the alleged negligence). Subsection (a) is then denominated as one of two exceptions to one or both of the foregoing.

¶ 9 When viewed in isolation, it is not immediately clear from the text or structure how we should construe the import of the words "except that." There are three conceivable formulations: Subsection (a) can be read in conjunction with (1) the two-year period only, (2) both the two- and the four-year periods, or (3) the four-year period only.

¶ 10 Under the rule of construction known as the "last antecedent" rule, the first formulation is the least plausible. As noted in *Salt Lake City v. Salt Lake County,* 568 P.2d 738, 740 (Utah 1977), "[Q]ualifying words and phrases are generally regarded as applying to the immediately preceding words, rather than to more remote ones." *Id.* In this case, the qualifying words are "except that," which are immediately preceded by the discussion of the four-year statute of repose. Thus, application of the "last antecedent" rule discourages the interpretation that would apply the foreign objects exception *only* to the more remote two-year general limitations period.[4]

¶ 11 The "last antecedent" rule, however, does not aid in choosing between the other two conceivable formulations. The court in *Salt Lake City* went on to state that the "rule is not necessarily limited to the one term immediately preceding, but if there are several preceding terms of the same character, it may modify all such terms, if the natural and sensible meaning of the wording so requires." 568 P.2d at 741. The primary question before us is whether subsection (a) is an exception to the four-year period *only* or an exception to *both* the two- and the four-year periods. The last antecedent rule could be employed to defend either formulation. We examine the two alternatives in turn.

¶ 12 If viewed as an exception to both the two- and the four-year periods, the statute would read as follows:

(1) No malpractice action against a health care provider may be brought unless it is commenced within two years after [discovery] ... but not to exceed four years after the date of the alleged act, omission, neglect or occurrence, except that [*i.e., except that the two-year limitation period and the four-year repose period do not apply in the following cases; instead* ]:

(a) In an action where the allegation against the health care provider is that a foreign object has been wrongfully left within a patient's body, the claim shall be barred unless commenced within one year. . . .

Utah Code Ann. § 78–14–4(1) (as altered to reflect hypothetical). Under the interpretation urged by Dr. Meek and Davis Hospital, the one-year period from discovery for foreign object cases trumps the general two-year period for other malpractice cases. According to this reading, Day did not meet the

---

3. Day's basis for asserting that subsection (a) is a tolling provision is unclear. Apparently, she simply has confused the concept of "tolling"—which temporarily suspends the running of a limitations period during the pendency of the tolling condition—with the exception actually provided in this case. The exception in this case does not toll another limitations period; it provides a different standard that is applicable under the conditions it specifies.

4. *Salt Lake City* also noted that "helpful as rules of construction often are, they are useful guides, but poor masters; and they should not be regarded as having any such rigidity as to have the force of law, or distort an otherwise natural meaning or intent." 568 P.2d at 741. It is not the "last antecedent" rule that definitively eliminates the first formulation, but rather our ultimate conclusion—based on the full context of the statutory provision—that Utah Code Ann. § 78–14–4(1)(a) cannot be an exception to the general two-year limitations period for medical malpractice actions.

one-year deadline and her case is time-barred.

¶ 13 If, on the other hand, subsection (a) is read only in conjunction with the four-year repose period, a different result obtains. If subsection (a) is not an exception to the two-year general limitation on medical malpractice claims, then it becomes operative only when the four-year statute of repose would otherwise bar recovery. This reading views the operative language as follows:

> (1) No malpractice action against a health care provider may be brought unless it is commenced *within two years* after [discovery] . . . but not to exceed four years after the date of the alleged act, omission, neglect or occurrence, *except that [i.e., except that beyond the four-year period ]*:
>
> > (a) In an action where the allegation against the health care provider is that a foreign object has been wrongfully left within a patient's body, the claim shall be barred unless commenced *within one year* after [discovery]. . . .

*Id.* (as altered to reflect hypothetical).

¶ 14 In other words, the first paragraph of section 78–14–4(1) contains the general rule for *all* malpractice actions: they must be brought within two years of discovery but not after four years from the occurrence of the malpractice. Under this reading, the exceptions that follow only apply to claims filed beyond the four-year repose period. Those two exceptions are foreign object cases and fraudulent concealment cases.

¶ 15 Both of the proposed constructions of the statute are textually plausible. The language "except that" is subject to more than one reasonable interpretation. A reasonable and disinterested reader could assume from the text that the two-year period is the general rule for medical malpractice actions, "except that" a malpractice claim consisting of injury from a foreign object left inside a patient is subject to a one-year period. On the other hand, a reasonable person could also view the statute as requiring that all cases be brought within four years of the negligence, "except that" beyond the four-year period a case may be brought within one year of discovery if the injury was caused by a foreign object left within the body. Because the existence of two plausible interpretations creates an initial doubt or uncertainty as to the meaning of the statute, we must "analyze the act in its entirety and 'harmonize its provisions in accordance with the legislative intent and purpose.' " *Evans,* 963 P.2d at 184 (quoting *Beynon,* 854 P.2d at 518).

¶ 16 The parties concede that there was no pertinent legislative discussion concerning the scope of subsection (a). Nor does the statutory history provide any substantial illumination on the matter.[5] Nevertheless, by viewing the statute as a whole, the legislative intent becomes more clear. Although subsection (b) is not at issue in this appeal, it provides critical contextual assistance in our interpretation of the scope of subsection (a).[6]

---

5. Prior to 1971, no statute of limitations specifically addressed medical malpractice. The cause of action was governed by the general catch-all statute of limitations then found at Utah Code Ann. § 78–12–25(2) (1953), which imposed a four-year limitations period for "action[s] not otherwise provided for by law." In 1971, the legislature enacted a specific limitations provision:

> An action against a . . . [health care provider] for professional negligence or rendering professional services without consent [must be brought within] two years after the date of injury or *two years after the plaintiff discovers, or through the use of reasonable diligence, should have discovered* the injury, whichever occurs later, but not to exceed ten years in any instance, except if any [health care provider] brings a timely action against a person for services rendered, such person may assert a

counterclaim for professional negligence or for rendering professional services without consent although such cause of action against the [health care provider] is otherwise barred by the provisions of this section.

1971 Utah Laws ch. 212, § 1 (emphasis added).
 This provision was codified at Utah Code Ann. § 78–12–28 until it was replaced in 1976 with the current version, codified at Utah Code Ann. § 78–14–4. Other than a minor cross-referencing addition to subsection (2), the 1976 version has not been amended.

6. As a general matter, we do not address issues or interpret provisions that are not litigated and properly brought before us on appeal. However, in this case, we cannot interpret the statute we are charged with construing without looking to the overall context of the statutory structure at issue. Therefore, we must interpret the scope of

¶ 17   Although there is textual ambiguity as to the scope of subsections (a) and (b), we can draw one clear structural conclusion about them: the scope of both subsections is the same.   They are listed in series as equal enumerated exceptions to one or both of the provisions of the first paragraph of Utah Code Ann. § 78–14–4(1).   Given this textual structure, both (a) and (b) must have been intended as exceptions to the same provision or provisions.   If we can discern whether subsection (b) operates as an exception to one provision but not the other, or operates as an exception to both provisions, it follows that subsection (a) must operate in the same manner.

¶ 18   As with subsection (a), subsection (b) is listed as an exception to one or both of the provisions of the first paragraph of subsection (1).   Subsection (b) provides a one-year limitations period for malpractice actions where fraudulent concealment is alleged.   While there is at least an arguable basis for shortening the limitations statute for foreign object cases during the pendency of the four-year repose period,[7] it makes no sense to require a shorter limitations period for cases involving fraudulent concealment within the four-year repose period.   Such a rule would reward physicians who conceal their wrongful acts.   If subsections (a) and (b) are applicable within the first four years from the occurrence of the negligence, plaintiffs who discover fraudulent concealment at any time less than three years from that occurrence would have a shorter time within which to bring suit than those plaintiffs who are not victims of concealment.   There would be no rational basis for the legislature to impose such a rule.

¶ 19   Take for example the case of a plaintiff who presents a potential claim of malpractice to an attorney more than one year after discovering the fraudulent concealment but still within the two- and four-year limits.   To avoid the one-year limitations bar of subsection (b), that plaintiff's attorney could not plead fraudulent concealment in the complaint without barring the plaintiff's case.   The absurdity of such a situation becomes even more palpable if we realize that health care providers accused of malpractice could conceivably assert their own fraudulent concealment as a bar to the suit, thus perversely converting their own misconduct into an affirmative defense.   The legislature could not have intended such a result.

¶ 20   Indeed, the case of *Jensen v. IHC Hospitals, Inc.* implicitly assumed that the two-year period was applicable within the repose period instead of the one-year term designated by subsection (b).   944 P.2d 327, 336 (Utah 1997).   The one-year limitation on cases involving fraudulent concealment makes sense only if it comes into play after the expiration of the four-year repose period, which would otherwise cut off all causes of action.   *Cf. Chapman v. Primary Children's Hosp.*, 784 P.2d 1181, 1184–85 (Utah 1989) (holding Utah Code Ann. § 78–14–4(1)(b) applicable to cases beyond the four-year repose period).   After the four-year repose period, subsection (b) provides plaintiffs with the only means of bringing their suit, and they are afforded a one-year period of time from discovery to do so.   The same must be applicable to the provisions of subsection (a).   Since subsection (a) was listed in parallel with subsection (b) as an exception, it must apply only to foreign object cases filed beyond the four-year repose period.

¶ 21   Moreover, this interpretation is sensible in light of prior Utah cases that illustrated the potential of long-term delays in discovering foreign objects and the obvious unfairness of unreasonably barring claims that have been fraudulently concealed.   *See, e.g., Chapman*, 784 P.2d at 1184–85 (fraudulent concealment); *Nixdorf v. Hicken*, 612 P.2d 348, 351 (Utah 1980) (foreign object); *Christiansen v. Rees*, 20 Utah 2d 199, 201–02, 436 P.2d 435, 436 (1968) (foreign object).

subsection (b) in order to correctly interpret subsection (a).   Moreover, the evident parallelism between the two provisions offers additional justification for treating subsection (b).   If we were to incorrectly construe subsection (a) in isolation, then any future judicial interpretation of subsection (b) would be distorted by our assumptions with respect to subsection (a).

7.   Dr. Meek and Davis Hospital speculate that the legislature recognized that foreign object cases provide a more readily apparent cause of action, justifying a shorter limitations period applicable to those cases.

Interpreting subsections (a) and (b) as exceptions that come into play only after the four-year repose period is a reasonable compromise between the rights of plaintiffs and the desire of the legislature to place stricter limits on cases brought more than four years from the time of negligence. Health care providers who conceal evidence of their negligence or who negligently leave foreign objects inside patients cannot gain the advantage of the absolute bar of the repose period, and victims of fraudulent concealment or foreign objects not discovered for extended periods of time are allowed to bring their claims beyond the four-year repose period.

▬▬ ¶ 22 In sum, we hold that Utah Code Ann. § 78–14–4(1)(a) applies only to claims brought after the four-year repose period and does not negate or supplant the operation of the two-year general statute of limitations prior to expiration of the repose period. Therefore, Day's claim is governed by the two-year general statute of limitations applicable to medical malpractice actions, and her notice of action was timely. Because our decision on this issue disposes of the appeal, we need not address Day's alternative argument that Dr. Meek and Davis Hospital are estopped from asserting the limitations bar. We reverse the district court's ruling and remand for further proceedings.

¶ 23 Associate Chief Justice DURHAM, Justice STEWART, and Justice ZIMMERMAN concur in Justice RUSSON's opinion.

FREDERICK, District Judge, dissenting:

¶ 24 I dissent. As noted in the majority opinion, "[w]hen we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Evans v. State,* 963 P.2d 177, 184 (Utah 1998) (citing *Sullivan v. Scoular Grain Co. of Utah,* 853 P.2d 877, 880 (Utah 1993)). Before turning to any other source, the statute's plain language must be examined. *See Schurtz v. BMW of N. Am., Inc.,* 814 P.2d 1108, 1112 (Utah 1991). Indeed, the words of a statute are to be read literally unless unreasonably confused or inoperable. *See Horne v. Horne,* 737 P.2d 244 (Utah Ct.App.1987).

¶ 25 The majority opinion, based upon a finding of textual ambiguity, interprets the applicable limitations period under Utah Code Ann. § 78–14–4(1)(a) such that it applies only to claims brought after the four-year repose period and does not negate or supplant the operation of the two-year general statute of limitations prior to expiration of the repose period. In reaching this result, the majority enters into a lengthy and oftentimes strained analysis in an effort to "harmonize" the multiple meanings of the statute in question. However, a close reading of the statute leads to the conclusion that section 78–14–4(1)(a) is neither unreasonably confusing nor inoperable, and harmonization is not necessary. Rather, the clear language of the medical malpractice statute of limitations operates to bar the claim in this case.

¶ 26 Specifically, the relevant parts of section 78–14–4(1)(a) read as follows:

(1) No malpractice action against a health care provider may be brought unless it is commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered[,] the injury, whichever first occurs, but not to exceed four years after the date of the alleged act, omission, neglect or occurrence, *except that:*

(a) In an action where the allegation against the health care provider is that *a foreign object has been wrongfully left within a patient's body,* the claim shall be barred unless commenced *within one year* after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered, the existence of the foreign object wrongfully left in the patient's body, whichever first occurs[.]

Utah Code Ann. § 78–14–4(1)(a) (emphasis added).

¶ 27 As recognized by the majority opinion, the first paragraph sets forth two time limitations on bringing suit for medical malpractice: a general two-year statute of limitations (running from the time of discovery), and a four-year repose period (running from the time of the alleged negligence). Subsection (a) is merely one of two exceptions to the foregoing. Although the majority found the words "except that" unclear and turned to

the "last antecedent" rule of construction for assistance in determining a plausible formulation, such was not necessary under the circumstances.

¶ 28 Relying on the literal wording of the statute, it is clear that paragraph (1) governs, except in situations where subsection (a) is applicable. In other words, a plaintiff who presents a case of malpractice has two years from discovery of the injury or four years after the date of the act to bring the cause of action, whichever comes first—"except that" where the allegation against the health care provider is that a foreign object has been wrongfully left in a patient's body, the plaintiff has one year after discovery to assert a claim.

¶ 29 The majority concludes that such a rule rewards physicians who are negligent or conceal their wrongful acts by decreasing the amount of time in which a litigant may file an action. However, this is not necessarily true. Indeed, the plaintiff who suffers an injury under subsection (a) may have less than a two-year time frame to bring his or her claim; however, the same plaintiff who does not and could not through reasonable diligence discover the existence of the foreign object could conceivably have an unlimited time in which to assert his or her cause of action under the literal wording of the statute.

¶ 30 Although subsection (b) is not at issue in this case, since it was considered in the majority opinion, it will be addressed only to note that the same analysis would apply to it as well. Specifically, in an action where it is alleged that a patient has been prevented from discovering misconduct on the part of the health care provider due to fraudulent concealment, the patient would have one year, possibly extending indefinitely, depending upon the particular circumstances of the case, to file his or her action.

¶ 31 While the majority finds that a literal reading of the statute leads to harsh and unreasonable results, the contrary is in fact true. Granted, there will be those litigants who quickly discover their alleged injury and are required, under the statute, to respond within one year of the discovery. However, for many other plaintiffs, the statute's exceptions will result in a preservation of their claims well beyond the strict two- and four-year limitations.

¶ 32 Regardless of what result would be achieved, Utah law requires that the statute's plain language be the first source of inquiry in all cases of statutory interpretation. As noted in the dissent by Justice Stewart in *In re Young*, 361 Utah Adv. Rep. 26, 976 P.2d 581, 1999 WL 23427 (Jan. 22, 1999), this rule " 'prevents judges from "finding" an ambiguity in even the most plain language of a constitutional or statutory provision as an excuse to search the legislative history in an attempt to justify an interpretation they prefer.' " *Id.* at 37, 976 P.2d at 598, 1999 WL 23427 (quoting *Salt Lake City v. Ohms*, 881 P.2d 844, 850 n. 14 (Utah 1994)). There being no textual ambiguity in this case, this is where the analysis must end. Accordingly, I would affirm.

Having disqualified himself, Chief Justice HOWE does not participate herein; District Judge J. DENNIS FREDERICK sat.